**STATE, Plaintiff-Appellee, v. JOHNSON, Defendant-Appellant.**

Ohio Appeals, Second District, Darke County.

No. 680. Decided April 6, 1950.

Howard G. Eley, Pros. Atty., Greenville, for plaintiff-appellee.
T. A. Billingsley, Floyd D. Smith, Greenville, for defendant-appellant.

## OPINION

By MILLER, PJ.

The defendant, Charles D. Johnson, was indicted upon two counts, to wit, kidnapping and shooting with intent to kill. A plea of not guilty was entered to each charge. Upon trial being had a verdict of guilty was returned as to the kidnapping charge and not guilty as to that of shooting with intent to kill. We shall therefore confine our attention solely to the kidnapping charge.

The indictment alleges that the defendant, Charles D. Johnson, "did unlawfully and fraudulently and without any lawful warrant or authority seize, take, steal, and kidnap one Keith Lehman, and did unlawfully, forcibly, violently, and

against his will, carry him off, the same not being done by the said Charles D. Johnson in pursuance of the laws of this State or of the United States, but contrary thereto." The error assigned is in the following charge given to the jury.

"The crime charged in the first count of the indictment is defined by §12424 GC, and I will now read to you those parts which are applicable and pertinent to this particular case: 'Whoever kidnaps, or forcibly or fraudulently carries off, detains or decoys a person . . . . . shall be imprisoned . . . . .,' and then the statute prescribes the punishment.

"In every criminal offense there are certain essential elements necessary to constitute the crime, and it is the duty of the Court to point out to the jury what issues they must consider. The essential elements of this crime of kidnapping, as defined by statute read to you, are as follows:

(1) "That the crime with which the defendant is charged was committed in the County of Darke and State of Ohio.

(2) "That the alleged crime was committed on or about August 20, 1949, and

(3) "That the defendant, Charles D. Johnson, did unlawfully and forcibly carry off and detain or decoy the said Keith Lehman without his consent and against his will.

"It is necessary to constitute the crime of kidnapping that the taking or detention shall be without lawful authority, and it is also essential that the taking or detention be against the will of the person so taken or detained.

"The force employed must be of sufficient character so that the taking and detention of the person is against his will. The force must be accompanied with circumstances tending to excite terror in the person and to prevent him from maintaining his rights. There must at least be apparent violence, unusual weapons or other acts giving reasonable cause to fear some bodily harm should the person attempt to resist and maintain his rights.

"The criminal intent necessary to the existence of the offense is implied in the prohibitive act. This means that no specific intent is required to constitute the offense of kidnapping, but that should you find that the State has proved beyond a reasonable doubt each and every essential element of the crime of kidnapping, as they were defined and explained to you, the criminal intent of the defendant would then be implied or inferred from such prohibitive acts."

The appellant is contending that the court erred in its charge when it stated that no specific intent is required to

constitute the offense of kidnapping when the State has proven all of the essential elements of the crime; that the criminal intent of the defendant would be implied or inferred from such prohibitive acts. In giving consideration to this charge and the sufficiency thereof it becomes necessary to look to the plea of the defendant, which was merely one of "not guilty." Had the plea been "not guilty by reason of insanity" a different question would have been presented, but when this plea is not entered the defendant "shall be conclusively presumed to have been sane at the time of the commission of the offense charged, provided that the court may for good cause shown allow a change of plea at any time before the commencement of the trial." **Sec. 13440-2 GC.** Since by statute the defendant was presumed to be sane, there was no issue as to his mental condition and the failure to charge upon the legal effect of the defendant's alleged intoxication was not erroneous. The court properly charged as to all of the essential elements of the crime. The appellant cites the case of the State of Ohio v. Hayes, No. 58309, Court of Common Pleas for Hamilton County, as being contra to the case at bar. We cannot agree with this conclusion. This case was also a kidnapping case, but the plea was "not guilty by reason of insanity." Naturally, under such a plea the mental condition of the defendant was placed in issue, and the court so recognized it in its charge. As to the necessary elements of the crime the court was in complete accord with the case at bar. In his charge to the jury Judge Bell defined the essential elements of the crime as follows:

"In this particular case it is necessary for the State to prove beyond a reasonable doubt:

1. "That the act charged in the indictment, if it did take place, took place in Hamilton County and the State of Ohio, on or about the date set forth in the indictment.

2. "It is necessary for the State to prove that the defendant kidnapped a man named in the indictment as Easton, and that he compelled Easton to do his bidding, against the will and desire of the said Easton.

3. "The State must also prove, and you also have a right to consider, the circumstances under which the compulsion was exerted. If you find beyond a reasonable doubt that this defendant compelled Easton against his will, by force or threats, to do his bidding, then you would be entitled to find that the defendant had kidnapped Easton.

"These are the essential elements which the State must prove beyond a reasonable doubt, and if the State has proven

those essential elements, then the State is entitled to receive, and it is your duty to return, a verdict finding this defendant guilty of the offense named in the indictment—unless you find that at the time he did the act charged, he was insane."

It will be noted that Judge Bell made no mention of the necessity of proving criminal intent. **Sec. 12424 GC,** under which this prosecution is brought, it will be observed is in two parts; the second part, which is not involved here, makes criminal intent a special element of the offense. Since it is excluded from the first part it must be assumed that it was so intended by the lawmaking body. Also, the following three sections, to wit, §§12425, 6 and 7 GC, are on related subjects and each makes criminal intent a necessary element of the offense. The appellant has cited several cases from foreign jurisdictions which are not helpful for the reason that the statutes involved are not identical to our own. We have, however, been referred to no cases in Ohio which support the appellant's views.

We have been cited to the case of **Samson v. State, 37 Oh Ap 82,** which we think gives some support to the appellee. At page 82, it is said:

"The statute, fairly construed, provides a punishment for whoever kidnaps or forcibly or fraudulently carries off, detains, or decoys a person, and it also provides a like punishment for whoever unlawfully arrests or imprisons a person with the **intention** of having such person carried out of the state." (Emphasis ours.)

It will be noted that proof of criminal intent is necessary only when the intention is to carry the person out of the state.

We therefore find no error in the record and the judgment is ordered affirmed.

HORNBECK and WISEMAN, JJ, concur.