UNITED STATES of America,
Plaintiff-Appellee,

v.

Sherman G. McBRYAR,
Defendant-Appellant.

No. 77–5017
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 2, 1977.

Robert J. Evans, Rome, Ga. (Court-Appointed), for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., James E. Baker, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

■  Appellant McBryar was convicted of kidnapping in violation of 18 U.S.C. § 1201. To prove guilt under 18 U.S.C. § 1201, four elements must be established: (1) the transportation in interstate commerce (2) of an unconsenting person who is (3) held "for ransom or reward or otherwise," (4) such acts being done knowingly and willfully. *Hattaway v. United States,* 399 F.2d 431 (5th Cir. 1968). Appellant challenges the sufficiency of evidence ,on elements (2) and (3).

■  When attacked as unsupported by sufficient evidence, the verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The evidence in this case satisfies that standard.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Appellant concedes that he and the victim traveled from Tennessee to Georgia. The kidnap victim testified that, after agreeing to take her to one destination, the appellant started driving in the opposite direction. She asked to be let out of the car. He refused this request and stated that she was "going to have to go to bed with him." As the car slowed down at a railroad crossing, she attempted to escape without success. She again tried to escape. Appellant held her in the car by pulling her hair.

The two drove to a dirt road in the country. The victim observed a light emanating from a mobile home in the distance. She jammed the gear shift into first, thereby stopping the car. She was able to exit from the car and run, but appellant caught her and began beating her in the stomach and face. He dragged her back into the car and threatened to kill her.

Before appellant could get the car started, the victim was able to escape again. Appellant caught her, but she was able to break free. She made it to the house trailer, losing her shoes, coat, purse, and jewelry in the process.

The occupant of the mobile home permitted her to enter and helped her telephone the police. The occupant related that her clothes were torn and that she was crying, screaming, wild-eyed, and hysterical. The police took her to be treated for her injuries.

A stipulation of expected testimony from a doctor was presented. He would have testified that his examination of the victim on December 17, 1975, indicated that she had been recently beaten, had cuts, bruises, abrasions, and an area of her scalp had hair missing.

Although appellant testified to a different version of these facts, the jury could, if it believed the victim's testimony, find that the victim was transported against her will.

This testimony evidences that the appellant's purpose behind his act was sexual gratification, which is sufficient to satisfy the requirement that the person be held for ransom or reward or *otherwise. See Bailey v. United States,* 410 F.2d 1209 (10th Cir.), *cert. denied sub nom., Freeman v. United States,* 396 U.S. 933, 90 S.Ct. 276, 24 L.Ed.2d 232 (1969). Appellant's contradictory testimony presented an issue of credibility, which is a problem for resolution by the jury.

AFFIRMED.