STATE of Minnesota, Plaintiff,

v.

Marcus Sidney STRONG, Defendant.

No. 51015.

Supreme Court of Minnesota.

June 12, 1980.

Warren Spannaus, Atty. Gen., St. Paul, Robert W. Kelly, County Atty., and William F. Klumpp, Jr., Asst. County Atty., Stillwater, for plaintiff.

C. Paul Jones, Public Defender, and Mollie G. Raskind, Asst. Public Defender, Minneapolis, Gary Schurrer, Asst. Dist. Public Defender, Stillwater, for respondent.

SHERAN, Chief Justice.

This is a pretrial criminal appeal in a prosecution of defendant in district court for wilfully and intentionally taking contraband with him into the state prison in Stillwater in violation of Minn.Stat. § 243.55 (Supp.1979).[1] The district court has denied the state's motion pursuant to R. 17.04, R.Crim.P., to strike from the complaint as surplusage the words "wilfully" and "intentionally." However, the court, with defendant's consent, has certified the issue to this court as being important and doubtful. Rule 29.02, subd. 4, R.Crim.P. We affirm the order denying the state's motion and remand for trial.

The state's argument, that scienter is not required, is premised on the fact that the statute does not expressly require intent or knowledge.

---

1. Minn.Stat. § 243.55 (Supp.1979) provides as follows:

Subdivision 1. Any person who brings, sends, or in any manner causes to be introduced into any state correctional facility, or within or upon the grounds belonging to or land controlled by any such facility, any controlled substance as defined in section 152.01, subdivision 4, or any intoxicating, spiritous or fermented liquor of any kind whatever, or any firearms, weapons or explosives of any kind, without the consent of the chief executive officer thereof, shall be guilty of a felony; and, upon conviction thereof, punished by imprisonment for a term of not less than three, nor more than five, years; provided, that the provi-

sions of this section shall not apply to physicians carrying drugs or introducing any of the above described liquors into such facilities for use in the practice of their profession; nor to sheriffs or other peace officers carrying revolvers or firearms as such officers in the discharge of duties.

Subd. 2. The chief executive officer of any state correctional facility may, under rules prescribed by the commissioner of corrections, provide for the search of all persons admitted into the facility or upon the grounds thereof. Any contraband as described in subdivision 1 is subject to confiscation by the chief executive officer of the facility.

Most crimes are not strict liability offenses and most commentators have argued that the legislature should never use strict liability for crimes carrying a sentence of imprisonment and the moral condemnation going with such crimes. W. LaFave and A. Scott, *Criminal Law*, § 31 at 218, 223 (1972). This is also the position taken in the Model Penal Code. Model Penal Code, § 2.05, Comments (Tent. Draft No. 4, 1955).

There is also some uncertainty concerning the proper dividing line between strict liability offenses which are constitutional and those that are not. *See Lambert v. California*, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957); *Morissette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952); H. Hart, *The Aims of Criminal Law*, 23 Law and Contemp.Prob. 401 (1958).

The state, however, contends that in view of Minn.Stat. § 609.02, subd. 9(1) (1978), we must presume that the legislature, by failing to expressly require scienter, must be deemed to have rejected the requirement of scienter for this offense. Section 609.02, subd. 9(1) provides that "When criminal intent is an element of a crime in this chapter, such intent is indicated by the term 'intentionally,' the phrase 'with intent to,' the phrase 'with intent that,' or some form of the verbs 'know' or 'believe.'" Whether or not the section would foreclose a requirement of scienter in any statute appearing in ch. 609 which did not use any of the words specified in the section is an issue we need not decide, because the offense with which we are concerned does not appear in ch. 609.

In an analogous situation, prosecution for possession of controlled substances under Minn.Stat. § 152.09 (1978), we have construed "possession" as requiring conscious possession with actual knowledge of the nature of the substance. *State v. Florine*, 303 Minn. 103, 226 N.W.2d 609 (1975).

In essence, defendant is being charged with entering the prison while possessing a controlled substance. We see no reason why the element of scienter should be dispensed with in this situation and we are not convinced that the legislature intended to do so, any more than it intended to dispense with the requirement of scienter when it enacted the penalties for felonious possession of controlled substances.

We note that requiring scienter will not necessarily put the state to any additional burden of proof in the normal case. As we stated in *State v. Siirila*, 292 Minn. 1, 10, 193 N.W.2d 467, 473 (1971), in a case in which a defendant was convicted of possession of marijuana after marijuana was found in his jacket, "The inference is permissible that, marijuana having been found in a jacket shown to belong to defendant and to have been worn by him, whatever was in the jacket was there with his knowledge."

Affirmed and remanded for trial.