### State of Vermont v. Harrison L. Audette

[543 A.2d 1315]

No. 86-064

Present: Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned

Opinion Filed January 15, 1988

*Robert Andres,* Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*David W. Curtis,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Peck, J.** Defendant appeals his conviction of kidnapping following a jury trial in Chittenden District Court. The principal is-

No person under the influence of alcoholic liquor shall be allowed to loiter on the licensed premises.

sue raised by defendant is whether the trial court erred by failing to include in its charge to the jury that the crime of kidnapping, 13 V.S.A. § 2401, includes an element of felonious intent. We reverse and remand.

Defendant was charged and convicted of kidnapping his wife, who was residing at a battered women's shelter in Burlington, Vermont. At the close of the trial, in a written request to instruct, defendant asked the court to charge the jury that the crime of kidnapping includes an element of felonious intent. At the charge conference the judge ruled that the statute requires no specific intent on the part of defendant, and that general intent may be deemed from the fact of forcible confinement of the victim, against her will. The trial court instructed the jury that the State must simply prove that defendant confined the victim, that the confinement was unlawful, forcible and nonconsensual, that defendant had no lawful authority or justification for such confinement, and that these acts took place in the State of Vermont.

13 V.S.A. § 2401 reads in pertinent part:

> A person who, without legal authority, forcibly or secretly confines or imprisons another person within this state against his will . . . or forcibly seizes or confines or inveigles or kidnaps another person with intent to cause him to be secretly confined or imprisoned in this state against his will . . . shall be [guilty of kidnapping].

We note that the statute is clear that no specific intent is required for forcibly or secretly confining a person against her will; however, we find that the words "forcibly" and "secretly" imply a requirement of general intent on the part of defendant. We do not agree with the trial court that general intent can be deemed if the State proves the elements as charged to the jury in this case. Rather, we hold that, for the crime of kidnapping to be properly charged to the jury, the instructions must include a separate element of general intent.

There does not appear to be a kidnapping statute exactly like Vermont's, although there are a number with similar phraseology. Wisconsin's former kidnapping statute, which carried a maximum penalty of only two years imprisonment, is similar in its phrasing of the intent element of the crime. See *Smith* v. *State*, 63 Wis. 453, 458, 23 N.W. 879, 881 (1885). Like our statute, the Wisconsin law provided for several alternatives of proscribed acts, all of

which independently constituted the charge of kidnapping, *State v. McLaren*, 135 Vt. 291, 294, 376 A.2d 34, 36 (1977); *State v. Barr*, 126 Vt. 112, 119, 223 A.2d 462, 468 (1966), and contained a clause requiring intent to cause the victim to be "secretly confined or imprisoned . . . against his will." *Smith*, 63 Wis. at 455, 23 N.W. at 880. Although the clause requiring intent did not explicitly modify the first part of the statute, the Wisconsin court held that the intent clause modified the entire statute and not only the clause which immediately preceded it. *Id.* at 462, 23 N.W. at 883. The court reasoned that "if the first clause of the [statute] defines a distinct and complete offense, unqualified by the intent thereafter mentioned," then the statute would allow kidnapping prosecutions for nothing more than unauthorized forcible confinements, an offense the common law punished only as a false imprisonment. *Id.* at 458, 23 N.W. at 881.

We decline to follow Wisconsin's construction of the statute. It is apparent to us that the intent clause of the statute is meant to modify only the language of the statute that immediately preceded it. However, although Vermont's Legislature failed to expressly require an element of criminal intent in the first clause of the kidnapping statute, the use of the words "forcibly" and "secretly" indicate that general intent is a necessary ingredient of the crime of kidnapping.

General intent is defined as "the intent to do that which the law prohibits. It is not necessary for the prosecution to prove that the defendant intended the precise harm or the precise result which eventuated." Black's Law Dictionary 727 (5th ed. 1979). It is sufficient to prove either that the defendant consciously desires the result, or that "he knows [or should have known] that that result is practically certain to follow from his conduct, whatever his desire may be as to that result." 1 W. LaFave & A. Scott, Substantive Criminal Law § 3.5(a) (1986). Specific intent, in comparison, requires proof that defendant intended "to accomplish the precise act which the law prohibits." Black's Law Dictionary 727 (5th ed. 1979). In both instances circumstantial evidence may be used to establish the requisite intent. See *State v. Kerr*, 143 Vt. 597, 603, 470 A.2d 670, 673 (1983) (citing *State v. Colby*, 140 Vt. 638, 641-42, 443 A.2d 456, 457 (1982)).

This Court has recognized the general rule that "[u]nless expressly provided otherwise by the legislature, . . . a crime is composed of an act and an intent, which concur at a point in time."

*State* v. *Hanson*, 141 Vt. 228, 232, 446 A.2d 372, 374 (1982) (citation omitted). In *State* v. *Doucette*, 143 Vt. 573, 580, 470 A.2d 676, 681 (1983), we wrote that "one of the criminal law's most basic principles [is that] a person is not criminally liable for causing a bad result if he or she did not have some culpable mental state with respect to that result." The United States Supreme Court has agreed with this proposition, noting that guilty intent may be implied where not expressly stated in a statute, see *Morissette* v. *United States*, 342 U.S. 246, 263 (1952), and at least with crimes having their origin in the common law, one must assume some mens rea is required.[1] See also *People* v. *Powell*, 716 P.2d 1096, 1101 (Colo. 1986) (citing *Morissette*, 342 U.S. 246, the Colorado court held that the crime of kidnapping includes within it an element of criminal intent).

Although an element of mens rea is not explicitly required, this statute also does not affirmatively provide for liability without fault. When the Legislature is silent as to the mens rea required for a particular offense, this Court will not simply assume that the statute creates a strict liability offense, but will try to determine the intent of the Legislature. See *Hanson*, 141 Vt. at 232, 446 A.2d at 374 (although the larceny statute is silent as to the mens rea required, this Court found larceny to require an intent to permanently deprive the owner of his property); *State* v. *Sidway*, 139 Vt. 480, 484, 431 A.2d 1237, 1239 (1981) (finding an implicit scienter requirement in the crime of leaving the scene of an accident). But see *Kerr*, 143 Vt. at 605, 470 A.2d at 674 (this Court refused to add an element of scienter to the plain language of a statute prohibiting carrying a weapon while committing a felony).[2]

---

[1] Kidnapping is an offense that originated in the common law. It was the forcible taking and transportation of another person out of the country. See ALI Model Penal Code and Commentaries § 212.1, at 210 (1980).

[2] We differentiate *Kerr* from the present case on two grounds. First, possession of a deadly weapon while committing a felony, 13 V.S.A. § 4005, is not a crime having its roots in the common law. Rather, it is a statutory add-on to enhance the punishment of particular offenses when committed with a weapon. Thus, it does not require an assumption that some element of mens rea is required. See *United States* v. *United States Gypsum Co.*, 438 U.S. 422, 444-45 (1978). See generally 1 W. LaFave & A. Scott, Substantive Criminal Law § 3.8 (1986). Moreover, possession of a weapon during the commission of a felony has an element of criminal intent since it can only be proven if the underlying felony, which itself has a mens rea requirement, is first established.

To decide whether the Legislature meant to impose liability without fault, or, in the alternative, meant to require fault, we consider a number of factors, the most important of which is the severity of the punishment provided for the crime. See 1 W. LaFave & A. Scott, Substantive Criminal Law § 3.8(a) (1986). "[T]he greater the possible punishment, the more likely some fault is required; and, conversely, the lighter the possible punishment, the more likely the legislature meant to impose liability without fault." *Id.* See also *State* v. *Strong,* 294 N.W.2d 319, 320 (Minn. 1980) ("Most crimes are not strict liability offenses and most commentators have argued that the legislature should never use strict liability for crimes carrying a sentence of imprisonment . . . ."); *State* v. *Collova,* 79 Wis. 2d 473, 485, 255 N.W.2d 581, 587 (1977) (where the statute is not explicit one of the principal indexes courts consider on the question whether some element of knowledge is required is the severity of the penalty involved).

■ If we were to interpret 13 V.S.A. § 2401 as creating a strict liability offense of kidnapping, a person could be subject to a penalty of up to 25 years in prison even though defendant was reasonable in his belief that the "victim" was consenting, and even if he did not intend or know that his actions would make the "victim" feel forcibly confined. Because the Legislature could not have intended to subject a person to a possible 25 year jail sentence for negligently or recklessly confining a person against her will, and since statutes should be construed to avoid absurd or unjust results, see *State* v. *Rice,* 145 Vt. 25, 34, 483 A.2d 248, 253 (1984), we find that 13 V.S.A. § 2401 requires purposeful or knowing action by defendant to forcibly restrain his victim in cases where the victim is confined against her will. See Model Penal Code § 212.2, at 242 (1980) (the crime of felonious restraint "requires proof that the accused acted knowingly . . . he must have been aware that he was restraining his victim . . . ."); *United States* v. *McBryar,* 553 F.2d 433 (5th Cir. 1977) (under federal law a prosecutor must establish that the acts were done knowingly and wilfully for a defendant to be found guilty of kidnapping); *People* v. *Lahr,* 200 Colo. 425, 427, 615 P.2d 707, 708-09 (1980) (kidnapping requires mens rea of "knowing" or "specific intent"); *State* v. *Littlefield,* 389 A.2d 16, 21 (Me. 1978) (intent is required for kidnapping); *People* v. *Jones,* 92 Mich. App. 100, 107, 284 N.W.2d 501, 504 (1979) (intent to confine person against her will is necessary for the crime of kidnapping).

■ In this case, the trial court seemed to agree that the crime of kidnapping required some element of fault, but held that the element of intent was sufficiently charged by the instructions given. We disagree. The trial court did not charge the jury that to find defendant guilty of kidnapping the jury had to find he acted knowingly or purposefully with regard to his actions which constituted forcibly confining the victim. Rather, the judge charged that the State must prove that the defendant forcibly confined the victim, against her will, using actual force, a threat of force, or a show of force. We find that the element of general intent was not sufficiently covered by this charge since a person can forcibly confine another recklessly or negligently, as in the case where a person reasonably, but mistakenly believes another is consenting, and due to a reckless show of force the "victim" feels himself to be coercively confined against his will.[3] See *People* v.*Weiss*, 276 N.Y. 384, 387-89, 12 N.E.2d 514, 515 (1938) (defendant made a citizen's arrest under an honest but mistaken belief his act was lawful and was convicted of kidnapping).

"The trial court must instruct the jury on all essential elements of the crime" defendant is charged with. *State* v. *Neale*, 145 Vt. 423, 430, 491 A.2d 1025, 1030 (1985) (citing *McLaren*, 135 Vt. at 296, 376 A.2d at 38). Since we find that criminal intent on the part of defendant is an essential element of the crime of kidnapping, for the crime of kidnapping to be properly charged, instructions must include a separate element of intent.

As we are reversing on defendant's first claim of error, we need not reach the remaining issues raised by defendant.

*Reversed and remanded for a new trial.*

---

[3] The trial court's instructions would have been sufficient had they merely included a charge that

[t]he criminal intent necessary to the existence of the offense is implied in the prohibitive act. This means that no specific intent is required to constitute the offense of kidnapping, but that should you find that the State has proved beyond a reasonable doubt each and every essential element of the crime of kidnapping, . . . the criminal intent of the defendant would then be implied or inferred from such prohibitive acts. *State* v. *Johnson*, 44 Ohio Op. 361, 361-62, 97 N.E.2d 54, 55 (1950).