## State of Vermont v. Darrell Day

[549 A.2d 1061]

No. 86-322

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed June 17, 1988

120

*Jeffrey L. Amestoy, Attorney General,* and *Susan R. Harritt* and *Elizabeth J. Grant, Assistant Attorneys General,* Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Defender General,* and *Henry Hinton, Appellate Defender,* Montpelier, for Defendant-Appellant.

**Gibson, J.** Defendant appeals his convictions, after a jury trial, of operating a motor vehicle without the owner's consent, 23 V.S.A. § 1094, attempting to elude a police officer, 23 V.S.A. § 1133, and driving while under the influence of intoxicating liquor (DUI), 23 V.S.A. § 1201(a)(2). We affirm.

### I.

Viewed in the light most favorable to the State, *State* v. *Jaramillo,* 140 Vt. 206, 208, 436 A.2d 757, 759 (1981), the record reveals the following relevant facts. Defendant was apprehended fleeing from the scene of a car crash, following a high speed chase through downtown Bennington, Vermont. During the chase, defendant failed to heed the lights or siren of a pursuing police car. He also failed to heed the signal to stop by a police officer on foot. Instead of stopping, defendant accelerated and narrowly missed striking the officer. During the chase, defendant operated his vehicle in a highly erratic manner, and after his apprehension, additional evidence strongly indicated that defendant had been under the influence of intoxicating liquor at the time of operation. Upon an examination of the vehicle, the police found a screwdriver inserted in a portion of the vehicle's ignition, with another section

of the ignition on the floor of the vehicle. The police later identified the vehicle as belonging to a person other than defendant.

At trial, the State presented evidence that defendant was not the owner of the motor vehicle, and that the true owner of the vehicle had not given permission to anyone to operate his car. At the close of the State's evidence, defense counsel moved for an acquittal on the operating-without-the-owner's-consent charge on the theory that the State had not provided sufficient evidence as to the intent of defendant to operate the vehicle without the owner's permission. The trial court denied the motion. At the close of all the evidence, the court refused to charge the jury that it was required to find that defendant knew he lacked permission to operate the vehicle, and defense counsel made a timely objection to the charge as given by the court. Counsel did not object to the instructions regarding the attempt to elude a police officer or the DUI instruction. The jury convicted defendant on all counts.

Defendant raises four issues: (1) that the trial court erred in refusing to instruct the jury that an element of the crime of operating a motor vehicle without the owner's consent is that the operator knew, or reasonably should have known, that he did not have permission to operate the vehicle; (2) that the trial court erred in failing to instruct the jury that it must find that defendant was an operator, as defined by 23 V.S.A. § 4(25), in order to convict defendant of attempting to elude a police officer; (3) that the trial court erred by failing to instruct the jury on diminished capacity in connection with the charge of attempting to elude a police officer; and (4) that the trial court erred by providing the jury with contradictory instructions as to the elements of the DUI charge.

## II.

■ Defendant argues that the crime of operating a motor vehicle without the owner's consent should include the element of intent to operate the vehicle without the owner's consent. The statute reads in pertinent part that: "A person who, without the consent of the owner, takes, uses, operates or removes . . . a motor vehicle, and operates or drives or causes the same to be operated or driven for his own profit, pleasure, use or purpose" shall be in violation of this statute. 23 V.S.A. § 1094. The statute contains no reference to intent and no requirement of proof of intent; how-

ever, we find that the phrase "without the consent of the owner" implies a requirement of general intent on behalf of a defendant to operate the motor vehicle without the owner's consent.

We have recently examined this area of our jurisprudence in *State* v. *Audette*, 149 Vt. 218, 543 A.2d 1315 (1988). "Although an element of mens rea is not explicitly required, this [kidnapping] statute also does not affirmatively provide for liability without fault. When the Legislature is silent as to the mens rea required for a particular offense, this Court will not simply assume that the statute creates a strict liability offense . . . ." *Id.* at 221, 543 A.2d at 1317. See generally Stern, *Revising Vermont's Criminal Code*, 12 Vt. L. Rev. 307, 312-17 (1987) (lack of comprehensive approach to mens rea requirements in Vermont criminal code).

It is well established that at least with crimes having their origin in the common law, intent generally remains an indispensable element of a criminal offense. *United States* v. *United States Gypsum Co.*, 438 U.S. 422, 437 (1978); see also *State* v. *Doucette*, 143 Vt. 573, 580, 470 A.2d 676, 681 (1983) ("[A] person is not criminally liable for causing a bad result if he or she did not have some culpable mental state with respect to that result."). We have previously held that the larceny statute, which derived from the common law crime of theft, although silent as to mens rea, required an intent permanently to deprive the owner of his property. *State* v. *Hanson*, 141 Vt. 228, 232, 446 A.2d 372, 374 (1982); see also *Audette*, 149 Vt. at 220, 543 A.2d at 1316 (general intent a "necessary ingredient of the crime of kidnapping"); *State* v. *Graves*, 140 Vt. 202, 205, 436 A.2d 755, 757 (1981) (knowledge of falsity an implicit element of the crime of uttering a false prescription); *State* v. *Sidway*, 139 Vt. 480, 484, 431 A.2d 1237, 1239 (1981) (implicit scienter requirement in the crime of leaving the scene of the accident). But see *State* v. *Kerr*, 143 Vt. 597, 605, 470 A.2d 670, 674 (1983) (refusal to add an element of scienter to the plain language of the statute prohibiting the carrying of a weapon while committing a felony).* While the crime of operating

---

* The rationale of *State* v. *Audette*, 149 Vt. 218, 543 A.2d 1315 (1988), in distinguishing *Kerr*, is equally compelling in the instant case.

  We differentiate *Kerr* from the present case on two grounds. First, possession of a deadly weapon while committing a felony, 13 V.S.A. § 4005, is not a crime having its roots in the common law. Rather, it is a statutory add-on to enhance the punishment of particular offenses when committed with a weapon. Thus, it does not require an assumption that some element of

a vehicle without the owner's consent did not first arise in the ancient common law, it clearly has its roots in the common law crime of theft. See 23 V.S.A. § 1094 ("This section shall not be construed to limit or restrict prosecutions for grand larceny."). Thus, we conclude that intent is an indispensable element of the crime of operating a motor vehicle without the owner's consent.

The language of the statute itself implies that general intent to operate a vehicle without the owner's consent is an element of the crime. The term "without the consent of the owner" implies that defendant knew, or should have known, that he was operating the vehicle without the owner's permission. See *State* v. *Simmons*, 30 Wash. App. 432, 434, 635 P.2d 745, 746 (1981). To hold otherwise could lead to unjust results, since a person could reasonably but mistakenly believe that he was operating the vehicle with the owner's permission. See *State* v. *Rice*, 145 Vt. 25, 34, 483 A.2d 248, 253 (1984) (statutes should be interpreted to avoid unjust results).

Although defendant objected to the trial court's jury instruction as lacking the requirement of proof of general intent, we believe the court's charge was sufficient. The trial court charged in pertinent part: "The term consent as used here requires proof by the State that no voluntary agreement existed on the date of the alleged offense for the defendant to operate the vehicle. Consent means approval or permission for a certain act to be done." Both "voluntary agreement" and "permission" require that defendant knew or had reason to know that he had the owner's consent to use the vehicle for his own purposes. See *Simmons*, 30 Wash. App. at 436, 635 P.2d at 747. The lack of a "voluntary agreement" or "permission" to use the vehicle would correspond to a general intent to operate the vehicle without the owner's consent.

While the charge may not have been as clear as might be desired, all that "is required is that the court provide the jury with a charge that is 'full, fair, and correct on all issues, theories, and claims within the pleadings, so far as the evidence requires.' "

---

mens rea is required. See *United States* v. *United States Gypsum Co.*, 438 U.S. 422, 444-45 (1978). See generally 1 W. LaFave & A. Scott, Substantive Criminal Law § 3.8 (1986). Moreover, possession of a weapon during the commission of a felony has an element of criminal intent since it can only be proven if the underlying felony, which itself has a mens rea requirement, is first established.

*Id.* at 221 n.2, 543 A.2d at 1317 n.2

*State* v. *Day*, 149 Vt. 165, 166, 540 A.2d 1042, 1043 (1987) (quoting *State* v. *Ciocca*, 125 Vt. 64, 74-75, 209 A.2d 507, 515 (1965)). See also *State* v. *Bishop*, 128 Vt. 221, 230, 260 A.2d 393, 399 (1969) (" '[I]f as a whole [the charge] breathes the true spirit and doctrine of the law, and there is no fair ground to say that the jury has been misled by it, it ought to stand.' ") (quoting *Fassett* v. *Town of Roxbury*, 55 Vt. 552, 556 (1883)). We find that the charge, as given, sufficiently covered defendant's lack-of-consent theory.

## III.

■ Defendant failed to object to other portions of the jury instructions; therefore, we must find plain error in order to reverse defendant's convictions on the three remaining issues. See V.R.Cr.P. 30, 52(b); *State* v. *Parker*, 139 Vt. 179, 183, 423 A.2d 851, 853 (1980). "The first step in plain error analysis must be to find error in the trial court's procedure." *State* v. *Bushey*, 149 Vt. 378, 380, 543 A.2d 1327, 1328 (1988). In the instant case, we find that there was no error in the trial court's instructions as to two of the issues and, as to the third issue, the alleged error did not rise to the level of plain error.

Defendant's allegation that he may not be convicted of the charge of attempting to elude a police officer because the State failed to prove defendant met the definitional requirements of the term "operator" is without merit. Defendant would have us strictly limit the term "operator" to the definition supplied in 23 V.S.A. § 4(25). That section defines operator as "all persons eighteen years of age or over, properly licensed to operate motor vehicles." *Id.* Defendant contends that the State presented no evidence as to his age or his status as a licensed operator and that the trial court should have charged the jury accordingly.

While a penal statute must be construed favorably to the accused, it must not "be construed so strictly as to defeat its purpose or lead to an absurd consequence." *Sidway*, 139 Vt. at 484, 431 A.2d at 1239. Furthermore, "[w]e will avoid a statutory construction which leads to absurd or irrational results." *Rice*, 145 Vt. at 34, 483 A.2d at 253. Defendant's interpretation would lead to just this type of absurd result since anyone under the age of eighteen, or without a valid driver's license, could never be convicted of attempting to elude a police officer. "It must be pre-

sumed that the Legislature . . . intended the ordinary meaning of the word to be the action prohibited." *State* v. *Arbeitman*, 131 Vt. 596, 601, 313 A.2d 17, 20 (1973). We believe that the Legislature must have intended the term "operator," as used in 23 V.S.A. § 1133, to mean the person operating the motor vehicle, and not as it is technically defined in 23 V.S.A. § 4(25). Therefore, we find no error in the trial court's charge on this issue.

With respect to the offense of attempting to elude a police officer, defendant made no request that the court give an instruction on diminished capacity relative thereto, nor did defendant object to the trial court's instructions. Accordingly, absent plain error, defendant is precluded from raising this issue on appeal. V.R.Cr.P. 30, 52(b); *State* v. *Hoadley*, 147 Vt. 49, 52, 512 A.2d 879, 881 (1986). Moreover, improper jury instructions are grounds for reversal only when prejudice is shown; the burden of proof on the issue of prejudice is on the party alleging the error. *Sidway*, 139 Vt. at 486, 431 A.2d at 1240. Given the overwhelming circumstantial evidence in the instant case, we find no prejudice to defendant by the jury charge as given by the trial court and therefore conclude that the alleged error does not rise to the level of plain error.

Finally, we find no error in the trial court's instructions to the jury on the DUI offense.

*Affirmed.*