## State of Vermont v. Charles A. Sargent

[594 A.2d 401]

No. 90-037

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed May 10, 1991

*William Sorrell,* Chittenden County State's Attorney, Burlington, and *Pamela Hall Johnson,* Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Kenneth Schatz,* Acting Defender General, and *Anna Saxman,* Appellate Attorney, Montpelier, for Defendant-Appellant.

**Allen, C.J.** Defendant appeals from his kidnapping conviction under 13 V.S.A. § 2401, *repealed by* 1989, No. 293 (Adj. Sess.), § 8.* He contends that the trial court erroneously instructed the jury on the intent required for conviction under § 2401. We agree, and reverse and remand for a new trial.

The trial court's instructions on intent were as follows:

> [T]he State must prove that Mr. Sargent intended to confine Meg Howard. In this regard the State must prove either, one, that Mr. Sargent consciously desired to physically confine Meg Howard against her will, or, second, Mr. Sargent knew or *should have known* at the time of the incident that his actions were almost certain to cause the physical confinement of Meg Howard against her will. This means that to find the Defendant guilty of kidnapping, you must find that he acted knowingly or purposefully with regard to his actions, which constituted forcibly confining the victim, Meg Howard.
>
> It is sufficient for the prosecution to prove either that the Defendant consciously desired the result, or that he knew or *should have known* that the result is practically certain to follow from his conduct. (Emphasis added.)

At the charge conference defendant objected to the "should have known" language. He argued that its inclusion erro-

---

* Section 2401 provided in pertinent part:

> A person who, without legal authority, forcibly or secretly confines or imprisons another person within this state against his will . . . shall be imprisoned not more than twenty-five years . . . ."

The current statutory scheme for kidnapping and unlawful restraint was added by 1989, No. 293 (Adj. Sess.), § 3, and is codified at 13 V.S.A. §§ 2404–2407. Its intent requirement is "knowing."

neously changed what was properly a subjective inquiry into an objective one. The trial court declined to change the instruction, and the jury returned a verdict of guilty.

Section 2401's intent requirement was explored in *State v. Audette*, 149 Vt. 218, 543 A.2d 1315 (1988). In that case the Court overturned a kidnapping conviction because the jury instructions did not contain an intent requirement. While recognizing that the pertinent clause of § 2401 did not expressly provide that intent is required, the Court noted that the use of the words "forcibly" and "secretly" indicated that an element of intent is indeed a necessary ingredient of the offense. *Audette*, 149 Vt. at 220, 543 A.2d at 1316. Further, the Court reiterated that "'one of the criminal law's most basic principles [is that] a person is not criminally liable for causing a bad result if he or she did not have some culpable mental state with respect to that result.'" *Id.* at 221, 543 A.2d at 1316 (quoting *State v. Doucette*, 143 Vt. 573, 580, 470 A.2d 676, 681 (1983)). The pivotal factor in the determination that § 2401 required an element of intent was the severity of the punishment provided for the crime. A person convicted under § 2401 was subject to a penalty of up to twenty-five years in prison. Accordingly, the Court held that

> [b]ecause the Legislature could not have intended to subject a person to a possible 25 year jail sentence for negligently or recklessly confining a person against her will, and since statutes should be construed as to avoid absurd or unjust results, we find that 13 V.S.A. § 2401 requires purposeful or knowing action by defendant to forcibly restrain his victim in cases where the victim is confined against her will.

*Audette*, 149 Vt. at 222, 543 A.2d at 1317 (citation omitted).

■ The issue before us today is whether the "should have known" language contained in the jury instructions is consistent with *Audette*'s holding that § 2401 requires that a defendant act purposefully or knowingly. We hold that it is not. While the "should have known" language appears in dicta in *Audette* itself, a closer examination of *Audette* makes clear that the inquiry into defendant's intent is a subjective one. Whether a defendant acted knowingly depends on what his or her state of mind actually was, not what it should have been.

█ One indication of this is the citation in *Audette* to the Model Penal Code immediately following the enunciation of the "purposeful or knowing" standard. 149 Vt. at 222, 543 A.2d at 1316. The Model Penal Code defines "knowingly" as a subjective inquiry. A person acts knowingly when "he is aware that it is practically certain that his conduct will cause such a result." Model Penal Code § 2.02(2)(b)(ii) (1985). As the comment to this section explains, "both 'purposefully' and 'knowingly' . . . are meant to ask what, in fact, the defendant's mental attitude was. It was believed to be unjust to measure liability for serious criminal offenses on the basis of what the defendant should have believed or what most people would have intended." *Id.* comment 2, at 235. Within the Model Penal Code's hierarchy of degrees of culpability, only negligence is an objective inquiry. Model Penal Code § 2.02(2)(d) (1985) (person acts negligently "when he should be aware of a substantial and unjustifiable risk").

A further indication that § 2401's intent inquiry is subjective arises from the repeated contrast in *Audette* between "purposefully or knowingly" and "recklessly or negligently." Section 2401 was interpreted as requiring the higher degrees of culpability because, as quoted above, "the Legislature could not have intended to subject a person to a 25 year jail sentence for negligently or recklessly confining a person against her will." *Audette*, 149 Vt. at 222, 543 A.2d at 1317. Implicit in *Audette*'s rejection of a negligence standard is a rejection of negligence's objective inquiry.

Finally, *Audette*'s holding that defendant must act purposefully or knowingly to violate § 2401 was not made in a vacuum. This Court has previously found knowledge to be a subjective inquiry. In *State v. Alpert*, 88 Vt. 191, 92 A. 32 (1914), the defendant's conviction for receiving stolen goods was reversed because the jury instructions created, in effect, a presumption that the defendant believed what a reasonable person would believe. *Id.* at 204, 92 A. at 37. This was found to be an erroneous substitution of an objective standard for what was meant to be a subjective standard. As stated in *Alpert*, "the effect of such an instruction is to make guilty knowledge of a [defendant] depend upon what the jury find would induce 'belief' in the mind of a 'reasonable man,' rather than upon what

they find induced 'belief' in his own mind." *Id.* *Alpert*'s rejection of an objective inquiry into knowledge preceded the holding in *Audette* and forms part of the legal backdrop against which *Audette* is to be understood.

The State makes two arguments to the effect that even if § 2401's intent requirement is subjective, defendant's conviction should not be reversed. The State's first argument is that the jury instructions, when considered in their entirety, made apparent that it was defendant's subjective knowledge that was controlling. The State contends in its brief that "[b]asically the 'should have known' language meant that in the absence of direct evidence, the jury could draw reasonable inferences from the facts and circumstances of the case as to [defendant's] state of mind." We agree that the jury can and must decide whether they believe defendant's claim that he "did not know" his actions were practically certain to confine the victim against her will by examining the facts and circumstances of the case. Yet this is fundamentally different from deciding whether defendant "should have known" because of the facts and circumstances of the case. The former is deciding whether knowledge existed, while the latter is deciding only whether knowledge should have existed. These are not equivalent. See *State v. Moffitt*, 156 Vt. 379, 381, 592 A.2d 894, 895 (1991) ("Knowledge . . . is determined by a subjective standard rather than the objective standard of negligence law (a reasonable person would have known, therefore, defendant should have known)."); *Alpert*, 88 Vt. at 204, 92 A. at 37. Further, the fact that the instructions contained the words "knowingly or purposefully" could not cure an error which lay in the definition of "knowingly."

The State's second argument is that the error in the instructions was harmless because there was overwhelming evidence that defendant acted knowingly. We disagree. Defendant repeatedly testified that he did not know he was holding the victim against her will. He testified that he thought the victim was helping him. A psychiatrist called by defendant opined that defendant's intent at the time of his actions was to seek help, and that defendant did not know that his actions were almost certain to cause the victim's confinement. The arresting offi-

cer's report indicated that defendant "was mortified that he even scared [the victim]." Defendant's case, as presented to the jury, centered on assertions that he lacked the requisite purpose or knowledge. The inclusion in the instructions of "should have known" language requires reversal.

As we reverse on defendant's first claim of error, we need not reach the remaining issues raised by him.

*Reversed and remanded.*

