STATE of Vermont v. Travis LANG

[664 A.2d 267]

No. 93-058

June 28, 1995. Defendant Travis Lang was convicted by jury of one count of burglary in violation of 13 V.S.A. § 1201, and two counts of kidnapping in violation of 13 V.S.A. § 2405. On appeal, he claims that the State failed to prove one of the kidnapping charges, and that the trial court erred by sentencing him to a term of 20 years to life imprisonment on the second kidnapping charge. We affirm.

All three charges against defendant stem from an incident in December 1991 when defendant and an accomplice burglarized the home of Robert and Estelle Landry. Mr. Landry, age 79, and in poor

health, and Mrs. Landry, age 87, were both present during the burglary. Mr. Landry's hands and feet were bound to his poster bed with duct tape, and although Mrs. Landry was not physically restrained, she was verbally coerced to remain in her bedroom. The men sabotaged the couple's telephone, ransacked the house for approximately fifteen minutes, and then left. Afterwards, Mrs. Landry freed her husband, but because the telephone had been disabled she was not able to solicit help until the next morning when the paper carrier arrived.

Vermont's kidnapping statute provides that a person commits the crime if he "knowingly restrains another person with the intent to . . . facilitate the commission of another crime." 13 V.S.A. § 2405(a)(1)(E). The term "restrain" means "to restrict substantially the movement of another person without the person's consent . . . by . . . confining the restrained person for a substantial period . . . ." 13 V.S.A. § 2404(3)(C). Defendant contends that the evidence failed to show that he "knowingly" restrained Mrs. Landry because she was not physically bound, and that even if she is considered to have been restrained, it was not for a "substantial period."

We summarily reject defendant's contention that he did not "knowingly" restrain Mrs. Landry because he did not physically bind her. Although determining defendant's knowledge is a subjective inquiry, the State need prove only that defendant intended "'to accomplish the precise act which the law prohibits.'" *State v. Audette*, 149 Vt. 218, 220, 543 A.2d 1315, 1316 (1988) (quoting Black's Law Dictionary 727 (5th ed. 1979)), *overruled on other grounds by State v. Sargent*, 156 Vt. 463, 465, 594 A.2d 401, 402 (1991). Here, the statute is clear that restraint means to restrict the movement of the victim by confinement. This restraint is without consent if by force, threat, or deception. 13 V.S.A.

§ 2404(4)(B). Our review of the record reveals that defendant knew of Mrs. Landry's frail condition, yet he nonetheless accosted her at night, in her own home, wearing a ski mask, demanded money of her, and would not let her leave her bedroom. This evidence was sufficient for the jury to conclude that defendant intended and accomplished the confinement of Mrs. Landry through threats and intimidation.

Nor are we persuaded that the State failed to prove that Mrs. Landry was confined for a "substantial period." Mrs. Landry was confined to her bedroom for at least 15 minutes, and was effectively confined to her home for several hours until she was able to contact the person who delivered the newspaper. See *Wofford v. State*, 867 S.W.2d 181, 183 (Ark. Ct. App. 1993) (where victim confined in such a way that escape is made difficult or impossible, fact that restraint is of brief duration does not negate kidnapping conviction); *State v. La France*, 569 A.2d 1308, 1312-13 (N.J. 1990) (thirty-minute confinement sufficient to support kidnapping conviction).

Defendant also argues that the trial court erred by sentencing defendant to twenty years to life imprisonment for the kidnapping of Mr. Landry. Defendant relies upon a provision of the kidnapping statute, 13 V.S.A. § 2405(b), which reduces the maximum penalty to 30 years if the defendant voluntarily released the victim to a "safe place." The reduction is not applicable here even though, as defendant emphasizes, Mr. Landry was left in his home. First, defendant took no affirmative action to release Mr. Landry; instead, when defendant left the Landry home, Mr. Landry remained bound and his 87-year-old wife, a frail woman who had just experienced a significant trauma, was left to untie him. Second, the couple's home cannot be deemed a "safe place." The telephone had been disabled, which eliminated the couple's only effective means of communication. Leaving two elderly people in a ransacked home in the middle of winter without communication is not releasing them into a safe place.

*Affirmed.*