### State of Vermont v. Eric Moffitt

[592 A.2d 894]

No. 89-517

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed April 19, 1991

*William D. Wright*, Bennington County State's Attorney, and *Matthew Pifer*, Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*E.M. Allen*, Defender General, and *Kerry DeWolfe* and *William Nelson*, Appellate Attorneys, Montpelier, for Defendant-Appellant.

**Morse, J.** In this appeal from a conviction for selling a stolen rifle, we reverse and remand for a new trial because the court erroneously instructed the jury on the element of knowledge.

Defendant was charged under 13 V.S.A. § 2561(b), making it a crime for a person to sell stolen property "knowing the same to be stolen." The court charged the jury, in effect, that knowledge is proved if defendant should have known, given all the facts and circumstances, that the property was stolen.

The court instructed:

> The fact in issue is whether the defendant knew the rifle was stolen. The State doesn't have to prove the defendant had actual knowledge that the goods had been stolen, but must prove that they had cause to believe by the defendant that the goods were stolen, or that he ought to have known from the circumstances that the goods were stolen.

Defendant objected to the "ought to have known" language in the instruction. The State argues that defendant did not make his objection specific enough under V.R.Cr.P. 30 (no error may be assigned to a jury instruction unless an objection is made "stating distinctly the matter [objected to] and the grounds of [the] objection"). We disagree.

Defendant had submitted written requests asking the court to instruct the jury that actual knowledge or belief of the stolen character of the property was required. The objection was sufficient to preserve the claim on appeal because the court knew the exact language defendant wanted and rejected it.

■ Knowledge was the crucial issue at trial. Knowledge that the rifle was stolen is determined by a subjective standard rather than the objective standard of negligence law (a reasonable person would have known, therefore, defendant should have known). The jury must conclude that defendant actually knew or believed the goods he sold were stolen. *State v. Alpert,* 88 Vt. 191, 204, 92 A. 32, 37 (1914).

■ Confusion in describing the type of knowledge required in this case may have been engendered by a selective reading of *State v. Guppy,* 129 Vt. 591, 285 A.2d 717 (1971). The State attempts to justify the court's instruction by quoting the following part of a rather convoluted sentence:

> The respondent concedes that the State does not have the burden to prove actual knowledge but it must prove facts and circumstances so as to cause a belief in the respondent that the goods were stolen, or that he ought to have known from the circumstances they were stolen . . . .

*Id.* at 595–96, 285 A.2d at 720. What is not quoted is the final clause of the sentence:

> and that such facts and circumstances must also satisfy the jury that the respondent did know and believe such goods were stolen.

*Id.* at 596, 285 A.2d at 720.

We need not reach defendant's other contention on appeal as the issue is not likely to reoccur on retrial.

*Reversed and remanded.*