STATE of Missouri, Respondent,

v.

Robert R. VAN VLECK, Appellant.

No. 57643.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 29, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 1991.

Application to Transfer Denied
April 9, 1991.

Lew A. Kollias, John Klosterman, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Robert Royal Van Vleck, appeals from his jury convictions of two counts of attempted kidnapping. Appellant was sentenced to consecutive terms of one and two years imprisonment. Appellant's sole point on appeal is that the state failed to prove an essential element of its case: an intent or purpose to kidnap the victims. We affirm.

We are advised to view the evidence in a light most favorable to the verdict and accept as true all reasonable inferences that support it. *State v. Henderson,* 743 S.W.2d 583, 586 (Mo.App., E.D.1988). To sustain the conviction, this evidence and its inferences must be strong enough to make a submissible case from which the jury could reasonably find the defendant guilty. *Id.*

Around 11:15–11:30 a.m. on the morning of May 15, 1989, Trudy Johnson returned to her automobile which was parked at the Chesterfield Mall Shopping Center in St. Louis County. Johnson had been shopping at the Mall with her two and one-half year old son, who was in a stroller. As she was attempting to place the child into his carseat in the front passenger side of her car, appellant approached her from behind with a shopping bag looped around his arm. Appellant had approached her from his automobile which was parked a few rows away from Johnson's on the same lot. Johnson's auto was parked in the front row of the lot, near the Famous Barr entrance.

When appellant reached Johnson, he stated: "[d]o as I say. get in the car or I'll kill your baby." Johnson then turned and faced appellant, clearly able to identify his 265 pound frame. Johnson testified that she believed that appellant had a gun inside the bag which he carried in one hand and that he had his hand on the gun, pointing it at her.

Johnson further testified that appellant repeatedly requested that she get inside her car and that he continued to threaten her child. Undaunted by appellant's requests, Johnson screamed quite loudly and pushed the child's stroller against appellant in an attempt to fend him off. Some time thereafter, appellant shrugged and walked back to his car and drove away. He was apprehended shortly thereafter and was found to have two loaded handguns in the trunk of his car.

Appellant was charged with two counts of attempted kidnapping and two counts of armed criminal action. The jury trial of the matter took place on November 6, 7 and 8 of 1989, and the jury convicted appellant of the two attempted kidnapping charges but acquitted him of both armed criminal action counts. Following the court's acceptance of the jury's assessment of punishment, this appeal ensued.

Appellant's sole contention is that there was insufficient evidence of his intent or purpose to kidnap, as defined by Missouri statute. The kidnapping statute, RSMo § 565.110 (1986), in pertinent part, reads:

1. A person commits the crime of kidnapping if he unlawfully removes another without his consent from the place where he is found or unlawfully confines another without his consent for a substantial period, for the purpose of ...

(5) Inflicting physical injury on or terrorizing the victim or another.

Missouri Revised Statute § 564.011 (1986) defines an attempt as follows:

1. A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

2. It is no defense to a prosecution under this section that the offense attempted was, under the actual attendant circumstances, factually or legally impossible of commission, if such offense could have been committed had the attendant circumstances been as the actor believed them to be.

As applied to the present facts, an attempt to kidnap Ms. Johnson and her child would require sufficient evidence that appellant intended to remove them from their present locations or confine them without their consent in order to inflict physical injury or terrorize them. Further, appellant would need to have taken a substantial step toward this end. *State v. Walker*, 743 S.W.2d 99, 102 (Mo.App., E.D.1988). While we note that the State is required to prove "a very specific intent on the part of the actor," *State v. Gonzales*, 652 S.W.2d 719, 722 (Mo.App., W.D.1983), we also recognize that the intent of a particular actor is rarely susceptible of direct proof; the circumstances of each case need to be closely looked at. See *State v. Garner*, 800 S.W.2d 785, 787 (Mo.App., E.D.1990). We believe the State made a submissible case.

■ The gist of the evidence and its inferences from the jury's verdict was that appellant threatened grave consequences to Johnson's small child unless she got into her car immediately. While his request was done without the aid of a weapon, since the jury acquitted him of armed criminal action, his actions, nonetheless, convinced Johnson that he had the ability to carry out his threat. It is not necessary that actual violence occur for a kidnapping to be committed. *State v. Estes*, 562 S.W.2d 142, 146 (Mo.App., St.L.Dist.1978). Appeals to fear, such as a threat to kill or do bodily harm are sufficient. *Id.*

■ The appellant's repeated threats to kill Johnson's child coupled with his demand that Johnson get into her car inferred that he intended, at the least, to unlawfully confine them with the purpose to terrorize Johnson by threatening violence to her small child.

In *Henderson v. State*, 743 S.W.2d 583 (Mo.App., E.D.1987), the defendant approached the victim while the victim was walking along a road in the City of St. Louis. The defendant, who was in his own automobile, had some sort of conversation with the victim, demanded that the victim get into his car and tapped a gun against his car's windshield. *Henderson*, 743 S.W.2d at 584. The victim was able to run away and the defendant was convicted of attempted kidnapping. This court, without an elaboration on the evidence of defendant's intent, found that the State had made a submissible case. *Id.* at 586.

The similarity between *Henderson* and the case at bar is that in each case, the perpetrator demanded that the victim get into a car. In neither case was there any violence, in fact, in *Henderson* the defendant was never face-to-face with the victim. In *Henderson*, the defendant had a gun while in the case at bar the appellant did not. In the case at bar, the appellant attempted to get Johnson to enter her own car while in *Henderson* the defendant sought the victim's company in his own vehicle.

In both cases, the intent of the perpetrator needed to be established circumstantially since neither announced their intention in advance. However, the jury could have inferred from the evidence in our case that appellant intended to confine Johnson and her child within their automobile while terrorizing them. It was not necessary that appellant intend to take them somewhere else or even get in the car with them. Similarly, it is possible to kidnap someone in their own automobile. See *State v. Harris*, 622 S.W.2d 330 (Mo.App., E.D.1981).

For these reasons, we believe that the State made a submissible case of attempted kidnapping. Appellant's convictions and sentences are affirmed.

CRANDALL, C.J., concurs.

CRIST, J., dissents in separate opinion.

CRIST, Judge, dissenting.

I dissent. The evidence presented at trial does not in any way indicate which of several possible offenses defendant intended to commit. He ordered victim to get into her own car. There was no evidence he intended to follow defendant into her car, or that he intended to keep her there. While intent may be inferred from the circumstances, the inference that defendant

intended to kidnap victim and her son is sheer speculation.