**STATE of Vermont v. William B. WASHINGTON**

[691 A.2d 583]

No. 95-416

January 10, 1997. Defendant William Washington appeals his convictions for kidnapping, 13 V.S.A. § 2405, and violating conditions of release. 13 V.S.A. § 7559(e). He contends that a mistrial should have been ordered because of the misconduct of a juror, or, alternatively, that judgments of acquittal should have been entered for insufficient evidence. We affirm.

At the time of the offenses, defendant lived in St. Albans with Tabitha Cornell and their two children, William, aged fifteen months, and Brenna, aged three months. On the night in question, defendant forcibly entered the apartment of a friend where Tabitha and the children were staying, assaulted Tabitha, and departed. He returned later that night and again forced his way into the building. Moments later, a police officer arrived and knocked on the door. Tabitha handed William to defendant and opened the door. After consulting with Tabitha, the officer asked defendant to leave.

Defendant demurred and dashed into a bedroom with the child, locking the door. He refused to come out and threatened to harm the child and himself if the police entered. Eventually, defendant agreed to drive to the police station with his father, but refused to give up the child. After some time at the station, the police were able to divert defendant and wrest the child away. At the time of the offenses, defendant was on bail from a separate charge. His conditions of release prohibited him from harassing Tabitha.

During the second day of trial, a juror informed the court that during dinner the previous evening she told her husband the name of defendant, and he informed her that he had worked with defendant's father. He went on to state that "this kid [defendant] is always in trouble." The juror then told her husband to say nothing more. Upon further questioning, the juror assured the court that the information would not affect her impartiality, stating: "I would just go by what I hear in court. Whatever else happened is something else. . . . To me it doesn't make any difference that he said that." She also stated that she had not mentioned the incident to any of the other jurors, and agreed to keep the information to herself. Defendant asked that the juror be removed for cause, which the court denied.*

Defendant contends that the statement by the juror's husband impermissibly influenced the jury and contaminated the verdict. Even assuming that the statement had the capacity to influence the jury, the record rebuts any possibility of prejudice. See *State v. McKeen*, 165 Vt. 469, 475, 685 A.2d 1090, 1094 (1996). The

*The same juror also informed the court that she had overheard another juror mention seeing defendant's name in the newspaper. Defendant unsuccessfully moved for a mistrial based on this information. He does not challenge this ruling on appeal.

offhand remark was not particularly inflammatory — no prior charges against defendant or prior convictions were communicated to the juror — and defendant, facing two felony and two misdemeanor charges, was obviously "in trouble." Furthermore, the juror testified unequivocally that she was unaffected by the comment, and would render a decision solely on the basis of what she heard in court. None of the other jurors was made aware of the remark. And, finally, the evidence in support of the verdict was strong. Considered in the light of these pertinent factors, *id.*, the trial court's determination that the jury could render a fair and impartial verdict was sound.

Defendant also contends the court erroneously denied his motions for judgments of acquittal at the close of the State's case and at the end of the trial. Defendant asserts the evidence was insufficient to support the kidnapping charge because it failed to establish the element of restraint, which requires some substantial movement or confinement without the victim's consent. 13 V.S.A. § 2404(3) ("'[r]estrain' means to restrict substantially the movement of another person without the person's consent or other lawful authority"). The State notes correctly that defendant moved for judgment of acquittal solely on the ground that the restraint was not accomplished "without consent." Accordingly, the issue of substantial movement or confinement was not preserved for review. *State v. Brooks*, 163 Vt. 245, 254, 658 A.2d 22, 29 (1995); *State v. Cole*, 150 Vt. 453, 455, 554 A.2d 253, 254 (1988). In any event, the forcible confinement of the victim for thirty or more minutes during the standoff with the police, and the subsequent movement of the victim at least one block from the apartment to the police station, satisfied the statutory requirements for kidnapping. See *People v. Williams*, 269 Cal. Rptr. 705, 708 (Ct. App. 1990) (movement of victims one long block in defend-

ant's car is substantial distance under kidnapping statute); *State v. La France,* 569 A.2d 1308, 1312 (N.J. 1990) (thirty-minute confinement of victim is substantial period), *cited with approval in State v. Lang,* 164 Vt. 598, 599, 664 A.2d 267, 269 (1995).

As for the consent issue, the statute provides that

> [a] restraint is "without consent" if it is accomplished
>
> (A) by acquiescence of the restrained person, if the restrained person is under 16 years of age and the restrained person's lawful custodian has not acquiesced in the movement or confinement; or
>
> (B) by force, threat or deception.

13 V.S.A. § 2404(4).

Defendant contends that the requirements of § 2404(4)(B) were not satisfied because he did not seize the baby by "force," but rather was handed the baby by Tabitha so that she could admit the officer. The "restraint," however, was not based on the short time that defendant merely held the baby, but on the period when he forcibly detained the child to keep the police at bay. See 13 V.S.A. § 2405(a)(1)(B) (kidnapping occurs when one knowingly "use[s] the restrained person as a shield or hostage").

Defendant also contends that his "threats" to harm the child were directed at the police, rather than the child. Nothing in the statute, however, requires that the threats be directed at, or understood by, the victim. The victim is no less restrained when the confinement is accomplished by threats against another, or, as here, by threats against the victim communicated to others.

In light of our conclusion that the requisites of § 2404(4)(B) were satisfied, we need not consider defendant's alternative claim that lack of consent could not be established under § 2404(4)(A) because defendant had a right as the child's father to "acquiesce" in the restraint. We note, however, that cases from out-of-state have generally rejected this argument. See *State v. Viramontes,* 788 P.2d 67, 68 (Ariz. 1990) (father may be convicted of kidnapping his own child); *People v. Walker,* 473 N.E.2d 995, 997 (Ill. App. Ct. 1985) (holding son hostage is not reasonable exercise of parental authority); *State v. Siemer,* 454 N.W.2d 857, 863-64 (Iowa 1990) (parent may be convicted for criminal confinement of child); *State v. Alladin,* 408 N.W.2d 642, 647 (Minn. Ct. App. 1987) (upholding kidnapping conviction of parent who held daughter hostage for several hours); *State v. Teynor,* 414 N.W.2d 76, 79 (Wis. 1987) (parent may be convicted of false imprisonment of child). But cf. *Johnson v. State,* 637 So. 2d 3, 4 (Fla. Dist. Ct. App. 1994) (natural father may not be held criminally liable for kidnapping child).

Finally, defendant contends his conviction for violating a condition of release was invalid because the evidence failed to establish that he had notice of the order. The State produced a certified copy of the order with defendant's signature attesting that he had read and understood it. This was sufficient to convince a reasonable trier of fact of defendant's guilt beyond a reasonable doubt. See *State v. Jones,* 160 Vt. 440, 442-43, 631 A.2d 840, 843 (1993).

*Affirmed.*