**STATE of Vermont v. Ramon A. MERCADO**

[699 A.2d 50]

No. 95-392

June 13, 1997. Defendant appeals his conviction for delivery of heroin, 18 V.S.A. § 4233(b)(1), arguing that the trial court erred in refusing to instruct the jury on the lesser offense of possession, *id.* § 4233(a)(1). We affirm.

At trial, the State elicited testimony from a police informant, who testified that on March 23, 1994 he went to defendant's apartment and told defendant that he wanted to buy two bags of heroin. Defendant gave him two bags, and the informant gave defendant seventy dollars. Two police detectives also testified. The first described the investigation and the circumstances surrounding the informant's controlled purchase of heroin from defendant. The second detective described a conversation that he had with defendant about the incident. Defendant told the detective that he recalled getting off the bus from New York City on March 23, 1994, and that at that time defendant had about fifteen to thirty bags of heroin on his person. When questioned about the actual sale of heroin, defendant indicated that he might allow a bag or two of heroin to leave his apartment, but stated that he did not sell heroin and did not make a profit from any heroin that left his apartment.

Defense counsel requested that the jury be instructed on the lesser-included offense of simple possession of heroin. See 18 V.S.A. § 4233(a)(1). The court refused this request, reasoning that the charge was not warranted because the same evidence that showed defendant possessed heroin also showed that he delivered it.

We agree. Although a criminal defendant is generally entitled to have the jury instructed on all lesser-included offenses, a charge on a lesser-included offense will be given "only if the facts in evidence reasonably support such an instruction." *State v. Delisle,* 162 Vt. 293, 301, 648 A.2d 632, 637 (1994). Assuming that possession is a lesser-included offense of delivery, in this case the jury could not reasonably have found that defendant possessed heroin but did not deliver it. The only relevant evidence is the informant's testimony that defendant gave the informant two bags of heroin. As the trial court stated, "If [defendant] didn't hand [the bags of heroin] over to the confidential informant, there's absolutely no evidence

that he possessed them. *And if he did* hand them over to the informant, then he delivered them." Although, as defendant argues, the jury is free to believe part but not all of the witness's testimony, here no part of the informant's testimony suggests that defendant possessed heroin, except the informant's statement that the defendant gave him the two bags. Moreover, following a controlled purchase, the informant possessed the two bags of heroin and delivered them to the police. Cf. *People v. Steele*, 412 N.W.2d 206, 212 (Mich. 1987) (where transfer of controlled substance was not disputed, jury could not consistently find defendant innocent of delivery and guilty of possession).

Defendant also argues that the jury could have found him guilty of possession based on defendant's statements to the police detective. Again, we agree with the trial court that this evidence did not support instructing the jury on possession. First, the charge against defendant was based on the exchange between defendant and the informant, not on defendant's statement that earlier the same day he got off a bus carrying fifteen to thirty bags of heroin on his person. This fact, if true, was a separate occurrence, and could not be the basis for instructing the jury on possession as a lesser-included offense. See *id.* at 210-11 (instruction on lesser offense of use of LSD should not have been given, because evidence of use of LSD was unrelated to charged offenses of delivery of LSD; deciding propriety of lesser misdemeanor instructions should not involve excursion into abstractions and admissions unrelated to charged offenses). Second, defendant's statement that he was carrying fifteen to thirty bags of heroin implies that defendant was carrying several hundred milligrams of heroin (the two bags delivered to the informant contained approximately seventy milligrams). Such evidence thus supported a charge of felony possession of heroin, see 18 V.S.A. § 4233(a)(2), which carries a stiffer penalty than the charge for which defendant was convicted.

*Affirmed.*