**STATE of Vermont v. Kevin L. SCRIBNER**

[746 A.2d 145]

No. 97-073

August 3, 1999. Defendant appeals from a jury conviction for attempted murder in the second degree and aggravated assault. He raises three claims on appeal: (1) he was wrongfully charged under the general criminal attempt statute instead of the specific attempted murder statute; (2) he was improperly convicted of two offenses arising from the same conduct in violation of his constitutional right against double jeopardy; and (3) the trial court committed plain error by failing to instruct the jury on attempted voluntary manslaughter as a lesser included offense. We vacate the conviction for aggravated assault but affirm in all other respects.

During the late evening of October 20, 1995, some teenage girls playing in a yard noticed defendant standing on the side-

walk staring at them. The oldest girl became uncomfortable and signaled to some teenage boys she knew who were in front of a nearby store. The boys told defendant to move on. Defendant, who had been drinking that evening, turned to walk away but as he did so lifted his jacket to expose a handgun. He then stopped and began staring at the girls again. The cousin of one of the girls, John Casey, then came walking around the corner. After the girl complained to Casey about defendant staring at them, Casey approached defendant and asked why he was bothering the girls. In response, defendant pulled out the handgun and pointed it at him. Casey asked whether defendant was going to shoot him. Defendant then fired a shot that apparently went into the ground. Defendant turned and walked away. Casey followed him, first walking and then running. Just before Casey reached defendant, defendant turned and fired a second shot, this time into Casey's groin. Casey knocked defendant down, attempted to get the gun and yelled for someone to call the police. The store owner came out and stepped on defendant's hand holding the gun. He told a bystander to call the police.

When a police officer arrived, defendant did not respond to the order to drop the gun even after the officer placed his gun against defendant's head and repeated the order. The officer eventually disarmed defendant by twisting the gun out of defendant's hand. The gun was cocked with the hammer back. The cylinder of the gun contained six shells, and defendant had thirty-five additional shells in his pocket.

The jury acquitted defendant of attempted first degree murder but convicted him of the lesser included offense of attempted second degree murder. In addition, they convicted him of aggravated assault. The judge sentenced defendant on the two convictions concurrently: twenty years to life imprisonment for attempted second degree murder and five to fifteen years for aggravated assault.

Defendant first argues that he should have been charged under the specific attempted murder statute, 13 V.S.A. § 2307, which carried a lesser penalty for attempted murder than did 13 V.S.A. § 9, the general criminal attempt statute, after it was amended in 1993. He claims the attempted murder statute — which was later explicitly repealed, see 1995, No. 170 (Adj. Sess.), § 32 — was still in effect at the time and was not impliedly repealed by the 1993 amendment to 13 V.S.A. § 9. He further contends that § 9 defers in this instance to § 2307 because § 9 punishes an attempted offense as a completed one unless another "express provision" of law exists that punishes the attempt. He claims that § 2307 operated as just such an express provision even after the 1993 amendment to § 9.

Out of judicial respect for legislative authority over lawmaking, we recognize a presumption against implied repeal. See *State v. Foley*, 140 Vt. 643, 646, 443 A.2d 452, 453 (1982). Nonetheless, the presumption may be overcome in one of two ways: first, where an enactment is so far repugnant to an existing law that they cannot both be effective or, second, where the more recent act covers the whole subject of the former, thereby plainly demonstrating that it was intended as a substitute. See *id.* The inconsistency of the two statutes at issue here cannot be reconciled, and they are therefore repugnant to each other.

The first sentence of § 9(a) includes the language on which defendant relies: defendant will be punished under this section, "unless other express provision is made by law for the punishment of the attempt." This sentence was not changed significantly by the 1993 amendment. See 1993, No. 95, § 5 (changing "such attempt" to "the attempt"). Rather, the substantive change occurred in the sec-

ond sentence of § 9(a) and in the addition of subsection (b).

> If the offense attempted to be committed is [a felony, a person shall be punished by the least severe of the two following punishments:] *murder, aggravated murder, kidnapping, arson causing death, aggravated sexual assault or sexual assault, a person shall be punished as the offense attempted to be committed is by law punishable.*
>
> *(b) If the offense attempted to be committed is a felony other than those set forth in subsection (a) of this section, a person shall be punished by the less severe of the following punishments:*
>
> (1) imprisonment for not more than ten years and fined not more than $10,000.00, or both; or
>
> (2) as the offense attempted to be committed is by law punishable.

*Id.* (brackets indicate deletion; underlining indicates addition). Whereas the prior version punished all felonies alike by imposing the least severe of two alternative punishements absent an express provision elsewhere in the law such as § 2307, the 1993 amendment enumerates certain felonies such as murder for which punishment of the attempted offense is the same as for the completed offense.

Under the prior statutory scheme, the § 9 deferral provision would have required sentencing according to the specific attempted murder statute, § 2307, which set a twenty year maximum on the term of imprisonment. After the amendment, § 9 specifically tied attempted murder to the punishment for murder. The sentence for murder is greater than the alternative punishment under § 9(b)(2) of the 1993 amendment. Compare 13 V.S.A. § 2303 (generally, first degree murder requires imprisonment for thirty-five years to life, and second degree murder requires imprisonment for twenty years to life; if mitigating circumstances exist, the sentences may be reduced to no lower than fifteen or ten years respectively). By taking away the "least severe" punishment option for attempted murder, the Legislature evinced an intent to increase the punishment for that offense. Section 2307 and the amended version of § 9 both specifically set forth the punishment for attempted murder. These two provisions thus existed in direct contradiction until the Legislature explicitly repealed § 2307 in 1996. See 1995, No. 170 (Adj. Sess.), § 32. The question is whether, prior to that repeal, the contradictory nature of the two statutes effected an implicit repeal of § 2307.

Defendant's reading of the contradiction as still deferring to the specific attempted murder statute, instead of referring to the punishment statute for murder, would render the Legislature's inclusion of murder among the enumerated felonies ineffective. That is, it would simultaneously include and exclude murder from the operation of § 9. We therefore conclude that § 2307, the specific attempted murder statute, was impliedly repealed by the 1993 amendment to § 9, the general attempt statute, because the two cannot rationally be in effect at the same time. Further, the 1993 amendment to § 9 covers the entire subject matter of § 2307 — punishment for attempted murder. The former was thus intended to substitute for the latter. Finally, although defendant appeals to the rule of lenity, it does not come into play because the legislative intent to increase the penalty for murder is unambiguous. See *State v. Fuller*, 168 Vt. 396, 402, 721 A.2d 475, 480 (1998).

Second, defendant maintains that sentencing on two convictions arising from

the same conduct constituted double jeopardy. The State concedes this issue. Vacating the shorter sentence fully vindicates defendant's rights. See *Jones v. Thomas*, 491 U.S. 376, 382 (1989); see also *Rutledge v. United States*, 517 U.S. 292, 305-06 (1996) (disapproving of practice of entering concurrent convictions on lesser and greater offenses); *State v. Grega*, 168 Vt. 363, 389, 721 A.2d 445, 462-63 (1998) (vacating aggravated assault conviction pursuant to *Rutledge*).

Third, defendant asserts that the trial court committed plain error by failing to instruct the jury on attempted voluntary manslaughter as a lesser included offense. He failed to take issue with the jury charge on this point at trial. Where defendant does not preserve the claimed error by bringing it to the trial court's attention, we assign error only in extraordinary situations where it is plain or obvious and strikes at the heart of defendant's constitutional rights or results in a miscarriage of justice. See *State v. Forant*, 168 Vt. 217, 220, 719 A.2d 399, 401 (1998). Here, defendant's claim does not approach the level of plain error. The evidence presented did not fairly lend itself to an attempted voluntary manslaughter instruction. We note that the law of voluntary manslaughter requires adequate provocation, considered objectively, for the loss of self-control. See *State v. Shaw*, 168 Vt. 412, 415, 721 A.2d 486, 490 (1998). Casey's conduct cannot be characterized as adequate provocation for defendant to shoot at him. Casey merely asked why defendant was bothering his cousin and her friends and then gave chase after defendant had already shot at him once. Thus, an instruction on the offense was unnecessary. See *State v. Turgeon*, 165 Vt. 28, 33, 676 A.2d 339, 342 (1996).

*Aggravated assault conviction is vacated. Affirmed in all other respects.*

Motion for reargument denied October 4, 1999.