775 So.2d 343 (2000)
Denis SEAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D96-4195.
District Court of Appeal of Florida, Second District.
September 20, 2000.
Richard N. Watts, St. Petersburg, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
BLUE, Acting Chief Judge.
Denis Sean appeals his judgments and sentences for residential burglary with a battery and attempted kidnapping. He presents two issues arising from the trial and one from the sentencing hearing. We affirm the convictions; however, we remand for resentencing.
*344 Sean contends that there was insufficient evidence to support the conviction for attempted kidnapping and objects to the standard jury instruction regarding stealthy entry. Although we affirm as to both of these contentions relating to Sean's conviction, we feel the sufficiency of the evidence issue merits discussion.
Kidnapping differs from false imprisonment by requiring proof by the State of one of four intent elements.[1] The information in this case charged Sean with kidnapping with the intent to "inflict bodily harm upon or terrorize the victim or another person," in violation of section 787.01(1)(a)(3), Florida Statutes (1995). Although this section is taken directly from the Model Penal Code, there are few reported cases involving this section. We appreciate and share Sean's concern that this portion of the statute and the lack of case law fails to provide a standard for the State to prove "intent to inflict terror." It would appear that the question of intent is left to the collective wisdom of the jury.
However, under the facts in this case, we have no problem affirming Sean's conviction. The evidence that Sean took a young, sleeping child from his own bed in the middle of the night supports the verdict of guilt. Although there was substantial evidence as to Sean's intoxication, the jury rejected this defense. We are unable to say that there was not competent, substantial evidence to support the jury's conviction.
We agree with the contention that Sean's sentences need to be remanded. The offenses were committed on October 27, 1995, and Sean's sentences were imposed pursuant to the 1995 sentencing guidelines. The Florida Supreme Court recently held the 1995 sentencing guidelines unconstitutional as a violation of the single subject provision of article III, section 6, of the Florida Constitution. See Heggs v. State, 759 So.2d 620 (Fla.2000). Because Sean committed the offenses within the applicable window period, he is entitled to reconsideration of his sentences. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
Accordingly, we affirm Sean's convictions and remand for reconsideration of his sentences.
SALCINES and DAVIS, JJ., Concur.
NOTES
[1] Section 787.01, Florida Statutes (1995), provides, in part:

(1)(a) The term "kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or hostage.
2. Commit or facilitate commission of any felony.
3. Inflict bodily harm upon or to terrorize the victim or another person.
4. Interfere with the performance of any governmental or political function.