## State of Vermont v. Raymond H. Alexander

[795 A.2d 1248]

No. 00-135

Present: **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed February 8, 2002
Motion to Change Mandate Denied March 28, 2002

*William H. Sorrell*, Attorney General, *David Tartter*, Assistant Attorney General, Montpelier, and *John Quinn*, Addison County State's Attorney, Middlebury, for Plaintiff-Appellee.

*Robert Appel*, Defender General, and *William A. Nelson*, Appellate Attorney, Montpelier, for Defendant-Appellant.

**Johnson, J.** Defendant appeals from a judgment of conviction, based on a jury verdict, of attempted kidnapping. He contends: (1) the court erroneously denied a request to instruct on the lesser-included offense of unlawful restraint in the second degree; (2) the evidence was insufficient to establish the element of intent; and (3) the evidence was insufficient to establish the requisite element of restraint. We agree with defendant's first claim of error, and accordingly, we reverse.

The record evidence disclosed the following. The complainant worked at a manufacturing plant in Middlebury. On the date in question, she had worked late to prepare for a business trip the next day. Shortly after 6:00 p.m., as she was walking down a hallway preparing to leave, she encountered defendant, who worked in the building as a janitor. The complainant asked him if he would turn out the lights. Defendant did not respond, but instead grabbed her wrist, said "you're coming with me," and forcefully pulled her into a conference room. As she struggled to free herself, defendant pushed her against a wall and pulled out a knife.

The complainant warned him that the president of the company would be returning momentarily, and offered him money. Defendant did not respond. Instead he proceeded to pull her out of the conference

room and into an open manufacturing area, near the ladies' bathroom. He then attempted to force the complainant into the bathroom. Although she resisted and momentarily freed herself, defendant grabbed her again, put her in a headlock, and started punching her in the head and stomach. The attack left the complainant dazed, though she continued to struggle and eventually broke free and ran for an exit, with defendant in close pursuit. The complainant ran out a shipping door just ahead of defendant, although he managed to tackle her by the ankles causing her to fall headlong down the steps. Once outside, the complainant ran to another office and summoned help. Defendant did not pursue her outside the building.

Defendant was initially charged with attempted sexual assault and attempted kidnapping with intent to sexually assault or place the complainant in fear of sexual assault. The information was later amended to charge attempted aggravated sexual assault and attempted kidnapping with intent to place the complainant in fear of being subjected to bodily injury. At the close of the State's evidence, defendant moved for judgment of acquittal. The court denied the motion as to the kidnapping count but granted judgment of acquittal as to the attempted sexual assault. The defense called no witnesses. At the charge conference, defendant requested an instruction on the lesser-included offense of unlawful restraint in the second degree. The court denied the request because the court found that there was no dispute that defendant brandished a knife and physically assaulted the victim. Defendant renewed his objection to the court's failure to instruct on the lesser offense at the end of the instructions. The jury found defendant guilty as charged. This appeal followed.

Defendant contends the court erred in refusing to give a requested instruction on the lesser-included offense of unlawful restraint in the second degree. Defendant's argument is premised upon the meaning and structure of the kidnapping statute, which provides, in pertinent part, as follows:

(a) A person commits the crime of kidnapping if the person

(1) knowingly restrains another person with the intent to:

(A) hold the restrained person for ransom or reward; or

(B) use the restrained person as a shield or hostage; or

(C) inflict bodily injury upon the restrained person or place the restrained person or a third person in fear that any person will be subjected to bodily injury; or

(D) sexually assault the restrained person or place the restrained person or a third person in fear that any person will be sexually assaulted; or

(E) facilitate the commission of another crime or flight thereafter.

13 V.S.A. § 2405(a)(1). The amended information charged defendant with a violation of § 2405(a)(1)(C) (intent to inflict bodily injury or place person in fear of bodily injury).

Under the statute, in pertinent part, restrain "means to restrict substantially the movement of another person without the person's consent or other lawful authority," *id.* § 2404(3), and a restraint is without consent if it is accomplished "by force, threat or deception." *Id.* § 2404(4)(B). Kidnapping is punishable by a maximum sentence of life imprisonment, although the sentence may be reduced upon a showing that defendant voluntarily caused the release of the victim in a safe place without having caused serious bodily injury. *Id.* § 2405(b).

In addition to kidnapping, the code also proscribes unlawful restraint in the first degree, which entails "knowingly restrain[ing] another person under circumstances exposing that person to a risk of serious bodily injury," *id.* § 2407(a)(1), and is punishable by imprisonment for not more than fifteen years, as well as unlawful restraint in the second degree, which consists, inter alia, of "knowingly restrain[ing] another person," *id.* § 2406(a)(3), and is punishable by imprisonment for not more than five years.

The code thus sets forth three distinct offenses involving an unlawful restraint, with different levels of punishment corresponding to the severity and circumstances of the offense. Defendant argues that although the evidence may have been sufficient to show that he committed the lesser-included offense of knowingly restraining the victim, in violation of § 2406 (unlawful restraint in the second degree), it was insufficient to show that he restrained the victim with the intent to inflict bodily injury or place the victim in fear of injury, as required for kidnapping. *Id.* § 2405(a)(1)(C). Defendant's argument rests upon a construction of the statute requiring, in effect, proof of dual intents, a *knowing* restraint for the *separate and additional purpose* of inflicting bodily injury. The State contests defendant's construction, asserting that the statute is satisfied if the restraint itself evinces an intent to injure. In order to address defendant's claim on the lesser-included

offense, we must address the proper interpretation of the actual crime charged. We conclude that defendant's interpretation is the more sound.

Enacted in 1990, Vermont's kidnapping, unlawful restraint first-degree, and unlawful restraint second-degree statutes generally parallel the Model Penal Code provisions for kidnapping, felonious kidnapping, and false imprisonment. See Model Penal Code §§ 212.1, 212.2, 212.3 (1980). Under the Model Penal Code, kidnapping is defined — and distinguished from felonious restraint and false imprisonment — by the requirement that the restraint must be accomplished for one of four purposes: to hold the victim for ransom or reward, or as a shield or hostage; to facilitate the commission of a crime or flight thereafter; to inflict bodily injury on or terrorize the victim; or to interfere with the performance of any governmental or political function. See *id.* § 212.1. The Model Code commentary explains that the authors chose the "usual way of differentiating among offenses in this field [by] specify[ing] nefarious purposes with which the actor must undertake removal or confinement of his victim." Model Penal Code § 212.1 cmt. at 227. The Code commentary further underscores the authors' understanding that injurious or threatening behavior used to effectuate a taking may constitute felonious restraint, but will *not* amount to kidnapping unless the restraint is intended to accomplish one or more of the specific offenses set forth in the statute. As the authors explain:

> Thus, for example, the actor who uses a gun to force another to drive him somewhere engages in unlawful restraint under circumstances exposing the victim to risk of serious bodily harm. If he does so in order to terrorize the victim or in order to commit·or escape from a felony, he may be convicted of kidnapping under Section 212.1. But if his purpose is merely to obtain transportation, he is liable only for the lesser offense of felonious restraint.

*Id.* § 212.2 cmt. at 240-41.

This is also the general view of those states with kidnapping statutes similar to Vermont's. Kansas, for example, defines kidnapping as the taking or confining of a person, accomplished by force, threat, or deception, "with the intent" to inflict bodily injury or terrorize the victim, among other specified offenses. Kan. Stat. Ann. § 21-3420 (1995 & 2000 Supp.). The Kansas Supreme Court has held that the statute requires a specific intent to commit one of the proscribed offenses

independent of the means used to accomplish the taking. "Our statute requires that the taking or confinement be accomplished not only by the proscribed means (*i. e.*, 'by force, threat or deception') but also with the specific intent to accomplish one of four types of objectives." *State v. Buggs*, 547 P.2d 720, 730 (Kan. 1976); see also *State v. Scott*, 827 P.2d 733, 742 (Kan. 1992) (affirming kidnapping conviction on aiding and abetting theory where evidence supported inference that, at time of abduction, defendant shared principals' intent to inflict bodily injury or to terrorize).

Similarly, in Alabama kidnapping is defined as an abduction with the intent, among other purposes, of inflicting physical injury. Ala. Code § 13A-6-43(a)(4) (1994 & 2001 Supp.). The court there has explained: "Pursuant to the new kidnapping statute, the State must prove two intents: The first deriving from the abduction element and the second from the statutory subdivisions of § 13A-6-43(a)(1)-(6)." *Guess v. State*, 507 So. 2d 546, 548 (Ala. Crim. App. 1986), *aff'd*, 507 So. 2d 551, 554 (Ala. 1987). Thus, the court in *Guess* held that the State was compelled to prove that the defendant had "restrained [the victim] with 'intent to prevent his liberation' and with 'intent to . . . . [i]nflict physical injury upon him.'" *Id.*

Other state interpretations are in accord. See, e.g., *Alam v. State*, 793 P.2d 1081, 1084 (Alaska Ct. App. 1990) (jury could convict defendant of attempted kidnapping with intent to sexually assault where evidence "would have permitted the jury to infer that [the defendant] wished to have sexual relations with [the victim] and that he intended to force her into his car so that he could drive her to another location to accomplish his purpose"); *State v. Dyson*, 680 A.2d 1306, 1313 (Conn. 1996) (rejecting claim that "intent to terrorize" element of kidnapping was "redundant and merely restates an element that accompanies every kidnapping," observing that it requires proof of "specific intent to terrorize [the] victim"); *Sean v. State*, 775 So. 2d 343, 344 (Fla. Dist. Ct. App. 2000) ("Kidnapping differs from false imprisonment by requiring proof by the State of one of four intent elements," including intent to inflict bodily harm); *McClellan v. Commonwealth*, 715 S.W.2d 464, 469 (Ky. 1986) (in determining sufficiency of evidence of kidnapping with intent to inflict bodily injury or terrorize victim, key issue was "not whether appellant actually held [the victim] as a hostage or terrorized her, but whether he intended to do so at the time he unlawfully restrained her"); *State v. Van Vleck*, 805 S.W.2d 297, 299 (Mo. Ct. App. 1991) (evidence was sufficient for jury to infer that defendant intended to abduct victims "in order to

inflict physical injury or terrorize them"); *State v. Kyle*, 430 S.E.2d 412, 421 (N.C. 1993) (whether crime consists of kidnapping or lesser-included offense of false imprisonment depends on whether intent of confinement was to accomplish one of purposes enumerated in kidnapping statute); *State v. Raynor*, 495 S.E.2d 176, 180 (N.C. Ct. App. 1998) (kidnapping conviction upheld where evidence showed that defendant restrained victim for purpose of committing armed robbery and restraint utilized was more than that inherently necessary for robbery); see also *People v. Miles*, 245 N.E.2d 688, 695 (N.Y. 1969) ("[I]t is the rare kidnapping that is an end in itself; almost invariably there is another ultimate crime.").

█ Although we have not previously addressed the issue, we are persuaded that our kidnapping statute should be interpreted consistently with similar statutes in other states. See, e.g., *State v. Davis*, 165 Vt. 240, 246, 683 A.2d 1, 5 (1996) ("Under § 2405(a), the State must prove that defendant knowingly restrained the victim with the intent to commit one of several enumerated acts . . . ."). Having so concluded, we turn to defendant's claim on appeal that he was entitled to an instruction on the lesser-included offense of unlawful restraint in the second degree.

█ We have consistently recognized that as "a general rule, a criminal defendant is entitled to have the jury instructed on all lesser-included offenses . . . . if the facts in evidence reasonably support such an instruction." *State v. Delisle*, 162 Vt. 293, 301, 648 A.2d 632, 637 (1994). A lesser-included offense instruction is appropriate "if the elements of the lesser offense must necessarily be included in the greater offense." *State v. Bolio*, 159 Vt. 250, 252, 617 A.2d 885, 886 (1992). It is well settled that false imprisonment, or its Vermont equivalent, unlawful restraint in the second degree — consisting of the knowing restraint of another person, see 13 V.S.A. § 2406(a)(3) — is included within the proof needed to establish the elements of kidnapping or attempted kidnapping, and therefore is a lesser-included offense of the greater charge. See, e.g., *State v. Carter*, 652 P.2d 694, 696 (Kan. 1982) (court erred in failing to instruct on lesser-included offense of unlawful restraint where victim's testimony raised legitimate factual issue as to whether defendant had capacity to form specific intent requisite for kidnapping); *Kyle*, 430 S.E.2d at 421 (false imprisonment is lesser-included offense of kidnapping); see generally Annotation, *False Imprisonment as Included Offense Within Charge*

*of Kidnapping*, 68 A.L.R.3d 828, 828 (1976) (courts generally hold that false imprisonment is lesser-included offense of kidnapping).[1]

██ Instruction on a lesser-included offense is an essential element of a fair trial because it ensures that the defendant will benefit from proper application of the reasonable doubt standard. As the United States Supreme Court explained:

> [I]f the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction — in this context or any other — precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction.

*Keeble v. United States*, 412 U.S. 205, 212-13 (1973). The lesser-included offense instruction "provid[es] the jury with the 'third option' .... [and] ensures that the jury will accord the defendant the full benefit of the reasonable-doubt standard." *Beck v. Alabama*, 447 U.S. 625, 634 (1980). In other words, a lesser-included offense instruction allows the jury to convict the defendant for criminal behavior for which there is proof beyond a reasonable doubt, without convicting on a greater offense for which proof beyond a reasonable doubt may be lacking. In this manner, the lesser-included offense instruction forces the State to meet its constitutional burden of proof *for each element of the crime*, rather than allowing the State to present the jury with a binary choice of guilty or not guilty.

██ The exception to the general rule is that a defendant may be denied an instruction on a lesser-included offense when the evidence does not support the instruction. In *State v. Wright*, 154 Vt. 512, 581 A.2d 720 (1989), the victim was murdered while working at a convenience store from which over $2000 was missing. The defendant was charged with first degree felony murder. Although the defendant received a jury instruction on the lesser-included offense of second degree murder, he ascribed error to that instruction on appeal. We

---

[1] The State does not contest the proposition that unlawful restraint in the second degree is a lesser-included offense of kidnapping.

held that any error in the instruction was harmless because defendant was not entitled to a lesser-included offense instruction. 154 Vt. at 517, 581 A.2d at 724. The facts in evidence overwhelmingly established that the murder was committed in the course of a robbery. "In short, the record supports a verdict that defendant was either guilty of felony murder or not guilty of any homicide, but does not support a verdict of a lesser degree of homicide." *Id.* at 519, 581 A.2d at 725. Similarly, in *State v. Mercado*, 166 Vt. 632, 699 A.2d 50 (1997) (mem.), the defendant was charged with delivery of heroin and requested an instruction on possession of heroin, the lesser-included offense. The only evidence in that case, however, was the testimony of an informant who bought two bags of heroin from the defendant. We held that an instruction on possession was improper because there was no evidence that defendant only possessed the heroin but did not deliver it. *Id.* at 632, 699 A.2d at 50. Given the evidence, delivery was the only logical conclusion. "If defendant didn't hand the bags of heroin over to the confidential informant, there's absolutely no evidence that he possessed them. And if he did hand them over to the informant, then he delivered them." *Id.* at 632-33, 699 A.2d at 50. Additionally, in *State v. Scribner*, 170 Vt. 537, 746 A.2d 145 (1999) (mem.), the defendant requested an instruction of attempted voluntary manslaughter as a lesser-included offense of attempted first degree murder. There, the victim asked the defendant why he was harassing some girls playing in a yard. In response, the defendant shot the victim. The defendant was convicted of the lesser-included offense of attempted second degree murder. We found that the defendant was not entitled to an instruction on attempted voluntary manslaughter because "voluntary manslaughter requires adequate provocation, considered objectively, for the loss of self-control. [The victim's] conduct cannot be characterized as adequate provocation for defendant to shoot at him." *Id.* at 540, 746 A.2d at 148.

■ None of the exceptions to our general rule apply in this case. This trial hinged on the issue of defendant's intentions once he had restrained the victim. As we discussed above, kidnapping is a double intent crime. That is, the prosecution must prove that defendant both knowingly restrained the victim *and* intended to inflict bodily injury (or other statutory enhancement) to prove the greater crime of kidnapping. See 173 Vt. at 382, 795 A.2d at 1253. That defendant knowingly restrained the victim was undisputed at trial. The evidence showed that defendant initially pulled the victim into a conference room and then tried to drag her into a secluded bathroom. There was,

however, considerable disagreement as to what defendant intended to do with the restraint.[2] The State relied on the same facts to prove the kidnapping as to prove the restraint. Although the jury was entitled to infer both the intent to restrain and the intent to do serious bodily injury from the same facts, defendant's second intent was not a foregone conclusion. The resolution of the issue was the important difference between two crimes — unlawful restraint and kidnapping. Under these circumstances, it was error not to follow our general rule that lesser-included offenses must be charged when raised by the evidence.

In denying the instruction, the trial court exposed defendant precisely to the risk described in *Keeble*, 412 U.S. at 212-13. The trial court took the facts presented at trial and made the finding that defendant must have committed kidnapping as charged. Indeed, the trial court's rationale that "the jury would . . . . acquit[] defendant if it found that the State had not sustained its burden of proof on all of the elements [including intent]" is deeply flawed because it "would effectively negate the right to jury instructions on a lesser-included offense in every case." *Bolio*, 159 Vt. at 254, 617 A.2d at 887. It was error for the court to displace the jury by assuming that the unlawful restraint must have been *intended* to inflict bodily injury on the victim, based on the uncontroverted aspects of the case — that defendant brandished a knife and physically assaulted the victim — that proved, at a minimum, the unlawful restraint. In so assuming, the court negated the potential alternative argument that defendant committed the unlawful restraint with some intent other than to inflict bodily injury, or with no intent at all. Denying the lesser-included offense instruction deprived the jury of a meaningful opportunity to consider alternative theories of the case and convict or acquit accordingly, and prejudiced defendant.

[2] The dissent claims that this disagreement was manifested only in defense counsel's closing argument. The issue of defendant's intent, however, was raised throughout the trial on both direct and cross-examination of the prosecution's witnesses as revealed by a thorough reading of the transcript. For instance, the prosecution asked the victim what she thought defendant intended by his actions. The victim also admitted that defendant paused when he was offered money. Defense counsel cross-examined the victim about the time duration that defendant brandished his knife, and whether defendant attempted sexual contact with her. These examples indicate that the purpose of defendant's action was a central feature of the trial raised directly and indirectly, and thus the issue was for the jury to decide.

Defendant raises two additional claims that we must address because if meritorious they would result in outright dismissal of the charges against him. First, defendant claims that the evidence here was insufficient to sustain the intent element of the charge. In reviewing the trial court's denial of defendant's motion for acquittal, we view the evidence in the light most favorable to the State, excluding modifying evidence, and determine whether the evidence sufficiently and fairly supports a finding of guilt beyond a reasonable doubt. See *State v. Grega*, 168 Vt. 363, 380, 721 A.2d 445, 457 (1998). The element of intent, we have observed, "is rarely proved by direct evidence; it must be inferred from a person's acts and proved by circumstantial evidence." *State v. Cole*, 150 Vt. 453, 456, 554 A.2d 253, 255 (1988); accord *State v. Fanger*, 164 Vt. 48, 53, 665 A.2d 36, 38 (1995).

The record evidence here established that defendant initially accosted the victim in a hallway of the office building where they worked. Defendant dragged her from there into a conference room, where he pushed her against a wall and threatened her with a knife. The victim told defendant that the president of the company would return at any moment, and offered him the cash that she was carrying in an envelope if he would let her go. Defendant made no response, and instead proceeded to drag the victim out of the conference room and into a large, open manufacturing area. From there, he attempted to pull her into a nearby bathroom. The victim resisted and briefly freed herself. Defendant restrained her again, put her in a headlock, and punched her repeatedly in the face and stomach. Although battered, she was eventually able to break free and run outside the building for help.

Viewed in the light most favorable to the State, the jury could reasonably have concluded that defendant utilized more force than was necessary simply to effectuate the restraint, and that the kidnapping was for the specific purpose of inflicting bodily injury or fear of injury. As discussed above, there are several explanations for defendant's behavior, including that he never completed the initial restraint. Based on the evidence, however, a jury could have determined that defendant had the intent not only to restrain the victim, but by continually removing her to more isolated regions within the building, had the additional intent to commit further acts without detection. See *State v. Royal*, 670 P.2d 1337, 1343 (Kan. 1983) (where evidence showed that victim was dragged at knifepoint into car, jury using "common sense .... reasonably could have inferred that the defendant's intent was to rape or otherwise molest the victim; that is obviously the most

plausible explanation for his behavior"); *Van Vleck*, 805 S.W.2d at 299 (where defendant demanded that victims get in car, but did not announce his intentions in advance, circumstantial evidence nevertheless supported inference that defendant intended to confine victims for purpose of terrorizing them). Accordingly, we conclude that the evidence was sufficient to prove the intent element of the attempted kidnapping charge.

Finally, defendant contends the evidence was insufficient to establish the element of restraint under the kidnapping statute because the victim was not confined for a "substantial" period nor moved a "substantial" distance. 13 V.S.A. § 2404(3)(B), (C). This claim is unpersuasive. The victim here was moved from room to room within her place of work a distance of approximately 100 feet, over a period lasting approximately fifteen to twenty minutes. We have upheld kidnapping convictions under circumstances where a confinement lasted approximately thirty minutes, and the movement covered about one block. See *State v. Washington*, 166 Vt. 600, 601, 691 A.2d 583, 584 (1997) (mem.); see also *State v. Lang*, 164 Vt. 598, 599, 664 A.2d 267, 268 (1995) (mem.) (upholding kidnapping conviction where actual confinement of victim by defendant lasted fifteen minutes). Both *Washington* and *Lang* relied, in turn, on *State v. La France*, 569 A.2d 1308, 1312-13 (N.J. 1990), which held that a thirty-minute confinement was sufficiently substantial to support a kidnapping conviction. As explained in *La France*, the issue turns on a "qualitative" — rather than a quantitative — judgment as to whether the detention or asportation was "inherent" in the underlying separate offense, and whether it "increase[d] the risk of harm" to the victim. *Id.* at 1310; see also *People v. Martinez*, 973 P.2d 512, 519-20 (Cal. 1999) (substantial movement judged by whether it increased risk of harm, diminished likelihood of discovery, enhanced opportunity to commit additional offenses, and was incidental or not to other crime); *State v. Morrison*, 980 S.W.2d 332, 334 (Mo. Ct. App. 1998) (confinement for period of "minutes" was substantial where it increased risk of harm to victim); *State v. Wagner*, 528 N.W.2d 85, 87-88 (Wis. Ct. App. 1995) (kidnapping conviction upheld where defendant moved victim from laundromat area "that was open to public view into the bathroom — an area that was hidden from the public").

Here, as noted, the facts supported a finding that defendant moved the victim to increasingly isolated parts of the building to accomplish the restraint, whatever its ultimate purpose may have been.

Accordingly, we conclude that the evidence amply supported the requisite finding of restraint under the kidnapping statute.

*Reversed.*

**Amestoy, C.J.,** concurring and dissenting. I concur in the majority's holding that the evidence amply supports the judgment of conviction of kidnapping with intent to inflict bodily injury. I cannot agree with its further conclusion that, notwithstanding the evidence of guilt, the judgment must be reversed because the trial court refused defendant's request to instruct on the lesser-included offense of unlawful restraint in the second degree. The evidence in this case overwhelmingly proved that defendant restrained and abducted the victim with the specific intent to perpetrate further violence. No reasonable view of the evidence would support a theory that he merely restrained the victim without the additional intent to injure. Hence, the trial court's decision was fully justified, and provides no basis to disturb the judgment. Accordingly, I respectfully dissent.

As the majority observes, a defendant is entitled to a lesser-included offense instruction where the evidence is reasonably susceptible of sustaining such an instruction. See *State v. Bolio,* 159 Vt. 250, 254, 617 A.2d 885, 887 (1992); *State v. Delisle,* 162 Vt. 293, 306, 648 A.2d 632, 637 (1994). Here the record reveals that defendant accosted the victim in a hallway of the office building where they worked, pulled her into a conference room, threatened her with a knife, dragged her into an open manufacturing area, and then attempted to pull her into a bathroom. When the victim resisted and briefly freed herself, he restrained her again, put her in a headlock, and punched her in the face and stomach.

The evidence thus decisively demonstrates that defendant was not content merely to restrain the victim, but instead endeavored continually to remove her to more isolated regions within the building to commit further acts of violence where there was less risk of detection or interruption. Testimony by the investigating officers and the emergency room physician where the victim was treated provide further proof that the force applied exceeded that which was necessary to merely restrain, and evinced an unmistakable intent to injure.

The evidence, which was largely uncontroverted, thus established that defendant engaged in a series of increasingly violent batteries upon the victim which ended only with her harrowing and unlikely escape. The inference that defendant restrained the victim with the specific intent to inflict injury was thus inescapable; there was no

rational basis in the record for the jury to infer that defendant's intent was merely to restrain. If believed, in other words, the evidence provided no reasonable ground to convict defendant of the lesser offense of unlawful restraint and acquit of the greater offense of kidnapping. In these circumstances, courts have uniformly held that an instruction on the lesser-included offense of unlawful restraint is unwarranted. See, e.g., *State v. Kyle*, 430 S.E.2d 412, 421 (N.C. 1993) (defendant not entitled to instruction on lesser-included offense of false imprisonment where there was no evidence that defendant confined victim for purpose other than that charged); *Romero v. State*, 34 S.W.3d 323, 325 (Tex. Ct. App. 2000) (court properly refused to instruct on lesser-included offense of unlawful restraint where there was no evidence that would allow rational jury to convict of lesser offense).

The majority correctly observes that there was "disagreement" at trial as to defendant's intent. 173 Vt. at 384-85, 795 A.2d at 1255. That disagreement was based on defense counsel's assertion in closing argument that defendant may have acted "irrationally" with no underlying intent whatsoever. Argument is not evidence, however, and the record evidence demonstrated overwhelmingly that defendant restrained and abducted the victim with the intent to injure. The facts are thus not unlike those in *State v. Surrett*, 427 S.E.2d 124, 125-26 (N.C. Ct. App. 1993), where the victim testified that defendant grabbed her while she was loading groceries into her car, threw her into his car while she struggled to break free, and drove a short distance before she managed to escape through an open window. The victim testified that she was "scared to death," and a passerby heard her screams. The defendant, who did not testify, was convicted of kidnapping with intent to terrorize.

Rejecting the defendant's claim that the trial court erred in refusing to instruct on the lesser-included offense of false imprisonment, the court explained:

> Where the State presents evidence of every element of the offense charged and there is no evidence negating these elements other than the defendant's denial that he committed the offense, then no lesser included offense need be submitted. . . . Therefore it is not error to fail to instruct on false imprisonment if there is no evidence tending to show that the victim was kidnapped for some purpose other than terrorizing, or for no purpose.

*Id.* at 128. Here, similarly, defendant cites no record evidence tending to show that the victim was kidnapped for some purpose other than the obvious one of inflicting injury, and counsel's argument that defendant's actions might have been bereft of any rational purpose was insufficient to warrant a lesser-included instruction. The trial court, therefore, correctly refused to instruct on unlawful restraint in the second degree. Accordingly, I would affirm the judgment.

I am authorized to state that Justice Morse joins in this concurring and dissenting opinion.