2005 VT 25

**STATE of Vermont v. Raymond H. ALEXANDER**

[871 A.2d 972]

No. 03-206

¶ 1. February 18, 2005. Defendant appeals his conviction, after jury trial, for attempted kidnapping. 13 V.S.A. § 2405(a)(1)(C). We reversed defendant's conviction on the same charge in *State v. Alexander*, 173 Vt. 376, 385, 795 A.2d 1248, 1255 (2002) [hereinafter *Alexander I*] because the trial court failed to give an instruction on the lesser-included offense of unlawful restraint in the second degree. In *Alexander I*, we held that the

kidnapping statute required the State to prove both an intent to restrain and an intent to do some other act. 173 Vt. at 382, 795 A.2d at 1253. Here, the second element alleged was an intent to "inflict bodily injury upon … or place the restrained person … in fear that any person will be subjected to bodily injury." 13 V.S.A. § 2405(a)(1)(C). As we stated in *Alexander I*:

> The State relied on the same facts to prove the kidnapping as to prove the restraint. Although the jury was entitled to infer both the intent to restrain and the intent to do serious bodily injury from the same facts, defendant's second intent was not a foregone conclusion. The resolution of the issue was the important difference between two crimes — unlawful restraint and kidnapping. Under these circumstances, it was error not to follow our general rule that lesser-included offenses must be charged when raised by the evidence.

173 Vt. at 385, 795 A.2d at 1255. In addressing defendant's other claims on appeal, we found the record evidence sufficient for a jury to reasonably conclude that the kidnapping had a specific purpose other than mere restraint. *Id.* at 386, 795 A.2d at 1255. But, because the jury had not been given the opportunity to consider the lesser-included offense and alternative theories of the case, we reversed, and defendant was retried on the same charge.

¶ 2. On retrial, the proper instruction on the lesser-included offense was given and the jury convicted defendant, essentially relying on the same evidence adduced in the first trial that supported both the intent to restrain and the intent to inflict bodily injury or put the victim in fear of bodily injury. In this second appeal, defendant again claims that the evidence was insufficient to support defendant's conviction for the same reasons argued in *Alexander I*, where we reviewed the evidence and reached the opposite conclusion. Our conclusion that the jury was entitled to infer the double intent from the facts of the crime remains unchanged. There was no error.

¶ 3. Defendant also claims that the court violated his right to due process of law by permitting testimony from the victim and a witness that the victim's first statement on reaching a place of safety was that "someone tried to rape" her or that the "cleaning guy just tried to rape me." In *Alexander I*, defendant was acquitted of attempted sexual assault. Defendant's objection below, however, had a different basis than that urged here. Defendant objected that the probative value of the evidence was outweighed by its prejudice. As a result, we review defendant's constitutional claim only for plain error. *State v. Ross*, 152 Vt. 462, 468, 568 A.2d 335, 339 (1989) (stating that, on appeal, unpreserved issues are reviewed for plain error that will be found only in rare and extraordinary cases where the error is an obvious one that affects substantial rights of the defendant). We find no plain error.

¶ 4. The challenged evidence was admissible as an excited utterance, and was relevant as tending to show that defendant had placed the victim in fear of bodily injury. Although not sufficient in and of itself to prove defendant's intent to inflict bodily injury, it supported the inference that the jury was entitled to draw from the violent nature of the attempted restraint and ensuing conduct. The trial court properly balanced probative value to determine if it was outweighed by prejudicial effect. On these facts, we cannot say that the court abused its broad discretion in admitting the evidence. See *State v. Shippee*, 2003 VT 106, ¶ 13, 176 Vt. 542, 839 A.2d 566 (mem.)

(recognizing that the court enjoys broad discretion in making V.R.E. 403 rulings, and thus error will not be found unless the trial court completely withheld its discretion or exercised it on grounds clearly untenable or unreasonable). The evidence formed part of the fabric of the victim's story such that to withhold her reaction to the attack immediately after the events would have given the false impression that the incident had no impact on her. The trial court's decision that the evidence's probative value was not substantially outweighed by its potential prejudicial effect was within its discretion, and as such, did not violate our plain error standard.

¶ 5. Defendant's third claim of error is also unpreserved and is, therefore, subject to review under our plain error standard. That claim is that the trial court erred in instructing the jury that evidence of flight alone is not sufficient to convict. In fact, the trial court instructed that flight evidence "does not raise any presumption of guilt and it has limited value as proof." This was acceptable to defendant, and it is acceptable to us. The instruction went further than defendant originally requested, in that it was stronger than saying that flight alone is insufficient to convict. Instead, it seriously undercut any probative value that the jury might assign to evidence of defendant's flight. There was no error.

¶ 6. Finally, defendant argues that his sentence is illegal because the maximum sentence for attempted kidnapping is thirty years, not thirty-five years to life, as he received. Although defendant acknowledges that, under 13 V.S.A. § 9(a), certain attempt crimes, including kidnapping, are punishable in the same manner as the offense attempted, he contends that the kidnapping statute states two punishments, and thereby creates an ambiguity with the attempt statute as to which sentence in the kidnapping statute applies to attempted

kidnapping. He relies on the rule of lenity to construe the ambiguity in favor of the accused. *State v. Baldwin*, 109 Vt. 143, 148, 194 A. 372, 374 (1937) ("If there is an ambiguity which admits of two reasonable and contradictory constructions, that one which operates in favor of the person accused under its provisions is to be preferred.").

¶ 7. As we stated in *State v. Kinney*, 171 Vt. 239, 256, 762 A.2d 833, 846 (2000): "In essence, the statute creates two different crimes: the crime of kidnapping with a maximum punishment of life in prison, and the crime of kidnapping with mitigating circumstances, with a maximum punishment of thirty years in prison." We disagree with defendant that the construction of the kidnapping statute with the attempt statute creates an ambiguity. To be eligible for the lesser penalty in the kidnapping statute, defendant had to have released the victim in a safe place. Such a claim must be raised and proved by defendant as an affirmative defense to the charge of kidnapping. *Id.* (recognizing that "voluntary release" is an affirmative defense to kidnapping charge). Defendant opted not to raise such a defense below, and none could be raised in view of the fact that the victim escaped from defendant's restraint. As a result, defendant is not eligible for the lesser sentence because he was convicted of attempted kidnapping and mitigation was not an issue.

¶ 8. Nonetheless, defendant argues that an attempted kidnapping should be sentenced at the lesser penalty because under some circumstances a kidnapper would be better off to complete the crime and release the victim unharmed. In that case, the kidnapper would receive a lesser sentence than defendant did for an attempted kidnapping for conduct defendant views as presenting the same ultimate harm to the victim. Defendant argues that it is absurd to punish attempted kidnapping in this manner, and

contends the sentence is constitutionally disproportionate to the offense.

¶ 9. As to defendant's statutory claim, the Legislature created the penalty scheme and chose to treat attempt crimes in the same manner as the underlying substantive offense. Because the legislation is unambiguous, we must enforce it as written. The penalty imposed was within the statutory range. Moreover, we cannot say that the sentence is unconstitutionally disproportionate to the offense. To meet this standard, the penalty must be "clearly out of all just proportion to the offense." *State v. Venman*, 151 Vt. 561, 572, 564 A.2d 574, 581 (1989) (internal quotation marks omitted). Comparing the crime committed by defendant to the sentence imposed, we cannot conclude that the sentence meets this constitutional standard. The crime was charged as attempt because the victim escaped, but the initial restraint was accomplished with violence, and was reinitiated with violence and a weapon each time the victim managed to get away from defendant. Eventually, defendant punched the victim and hit her in the face in an attempt to subdue her and shut her up. He did not cease his pursuit of her as she struggled to get away. There is no evidence in the facts that defendant affirmatively abandoned his pursuit of the crime. Thus, defendant is asking to have a lesser penalty imposed because he was unsuccessful in committing a crime he clearly intended. We cannot say that sentencing this attempt crime in the same manner as the completed crime, as the Legislature has decreed, is constitutionally disproportionate.

*Affirmed.*